**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

12/11/15

**DORIAN E. RAMIREZ, CLERK**

**BY** drodriguez

ACCEPTED
13-15-00237-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
12/11/2015 10:13:04 PM
Dorian E. Ramirez
CLERK

NO. 13-15-00237-CV

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
12/11/2015 10:13:04 PM
DORIAN E. RAMIREZ
Clerk

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI - EDINBURG

---

CITY OF PORT ISABEL, TEXAS, MARIA DE JESUS GARZA, GUILLERMO TORRES AND JOE E. VEGA
Appellants,

VS.

JUAN JOSE "JJ" ZAMORA, SR., AND MARTIN C. CANTU
Appellees.

---

From Cause Number 2015-DCL-02342
In the 444th Judicial District Court of Cameron County, Texas

---

**APPELLANT CITY OF PORT ISABEL'S SUPPLEMENTAL BRIEF, OBJECTIONS TO TRIAL COURT'S ORDER ON SILVA'S MOTION TO SHOW AUTHORITY, AND ORDER ADOPTING FINDINGS OF FACT AND CONCLUSIONS OF LAW**

---

Robert L. Collins
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile
houstonlaw2@aol.com
ATTORNEYS FOR CITY OF
PORT ISABEL

1

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, City of Port Isabel, Texas, and its counsel, and files this Supplemental Brief and Objection to the Trial Court's Order on the Silva Motion to Show Authority and Order Adopting Findings of Fact and Conclusions of Law, and shows the court as follows:

SUMMARY

- ***Humberto Silva is not a party to this suit and therefore lacks standing to bring a motion to show authority.*** The City of Port Isabel and counsel responded to Silva's Motion based on lack of standing to bring a Motion pursuant to Rule 12, T.R.C.P., and timely raised the objection at the hearing. The trial court did not rule on that objection.

- ***Attorney Humberto Silva's findings of fact and conclusions of law should not have been adopted.*** The trial court issued an order adopting the findings of fact and conclusions of law proposed by Humberto Silva. Based upon the record of testimony, evidence and affidavits before the court, Humberto Silva's proposed findings do not accurately reflect the facts of this case as proved by the record and should not have been adopted.

- ***Appellant's proposed findings of fact and conclusions of law should have been adopted.*** The trial court did not issue any findings of fact

2

and conclusions of law until after initial briefs were filed making that point. Based upon the record of testimony, evidence and affidavits before the court, Appellant's proposed findings accurately reflect the facts of this case and should have been adopted.

- ***Silva's Motion to Show Authority Should Be Denied and the Trial Court's Order Reversed as Silva has no Standing to Bring the Motion and as the Evidence Demonstrates that Appellees have attempted by invalid action to use the appealed Temporary Injunction to cause dismissal of Appellant's appeal of that Order, thereby depriving counsel and litigants of due process and denying this Court jurisdiction over a pending appeal.***

### EVIDENCE IN SUPPORT

**Exhibit A:** Trial Court Pleadings including:
- Humberto Silva's Motion to Show Authority
- City's Response to Motion to Show Authority
- City's Supplemental Response Regarding Lack of Silva's Standing
- Order on Motion to Show Authority

**Exhibit B:** City of Port Isabel's Proposed Findings of Fact and Law

**Exhibit C:** Excerpt of Testimony from Hearing on Motion to Show Authority

**Exhibit D:** City Commission Meeting Minutes and Agendas

**Exhibit E:** Excerpts from Port Isabel City Charter

**Exhibit F:** Affidavits by Mayor Vega, Commissioner Garza, and City Manager Ed Meza

**Exhibit G:** Trial Court's Order Adopting Findings of Fact and conclusions of Law

**Exhibit H:** Hearing on Plaintiffs' Request for Temporary Injunction and Defendants' Plea to the Jurisdiction.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

During a properly-noticed public meeting on April 24, 2015, and pursuant to a provision of the Port Isabel City Charter, the City Commission separately considered and voted on the alleged violation of City Charter, Section 2.02, by three of the Commissioners: Appellant Torres, Appellee Cantu, and Appellee Zamora. During that meeting, by a duly-recorded majority vote, Appellees were removed from their positions on the City Commission due to their admitted business dealings with the City in violation of Section 2.02 through businesses in which they have a substantial interest. *Exhibit D, Exhibit E.* Port Isabel City Charter Section 2.02 prohibits such self-dealing and provides for the disqualification of office holders and candidates for City elected office for, among other things, doing business with the City. *See Exhibit E.*

Appellees, by their counsel Mr. Hinojosa, thereafter filed suit against the City and the other Appellants in their individual and official capacities for their actions in voting to remove Appellees from their positions on the City

4

Commission for violation of Section 2.02. Appellees sought a temporary injunction requiring reinstatement of Appellees as voting members of the Port Isabel City Commission. That injunction was granted and is currently the subject of timely perfected appeal.

Having been returned to the City Commission by the appealed Temporary Injunction, Appellees then posted public notice of their intent to hold a Port Isabel City Commission meeting on May 19, 2015, wherein they would, purporting to act as City Commissioners, bring action and vote to: 1) terminate the City Attorney (Appellant's counsel Mr. Collins); 2) vacate the Commission's April 24, 2015 finding that Appellees violated the City Charter which was the basis of this litigation; 3) rescind approval to pay counsel to represent the Appellants in this case; 4) rescind approval for the investigation of their violations of the City Charter; and 5) appoint a new City Attorney (Appellee's counsel Mr. Hinojosa). *See Exhibit D.*

At that meeting, Appellant Vega, as Mayor of Port Isabel and presiding officer for any City Commission meeting, read a statement that was made part of the minutes of that meeting, declaring that any votes by Appellees on the topics listed above would be void due to their direct respective conflicts of interest in violations of Tex. Loc. Gov. Code 171.004. *Exhibit C*, pp. 35-36 (testimony of Port Isabel City Secretary confirming that Mayor Vega raised the issue and gave

5

Appellees, and their counsel who was present, actual notice of their conflict of interest prior to their actions in voting on the conflicted matters). This statement was read as follows:

> … Commissioner Cantu and Commissioner Zamora as the persons who brought the lawsuit against the City [have an] ethical conflict which should prohibit them from voting on matters related to the lawsuit. Any vote to remove the City Attorney or City Manager by Commissioner Zamora and Commissioner Cantu is also a violation of their ethical duty as they have a conflict of interest since these actions are designed to cause the City to abandon its right to appeal that order as well…. In relation to the items that have been placed on the agenda tonight, I believe they constitute a conflict of interest for both Commissioner Zamora and Commissioner Cantu and I believe if they vote on any such matter that [their] vote will be illegal and null and void. That being said, I am going to comply with the order of the court, and allow Commissioner Zamora and Commissioner Cantu to participate and for them to participate and for them to be able to claim to vote subject to my pending appeals and objections.

*Exhibit D*, p. 2, May 19, 2015 meeting.

Appellant Vega also gave fair notice to Appellees and their counsel Mr. Hinojosa, that any agenda items that passed only because of Appellees' self-interested and improper participation in making a motion or second, and their votes on any such matter, would be void. Despite their conflicts of self-interest and the direct connection to this suit, this appeal, and Appellees' respective businesses, and despite actual public notice of these conflicts communicated to Appellees and their counsel, Appellees proceeded to vote on the five issues previously mentioned; and each issue was either moved or seconded by one or

6

more of Appellees. *Exhibit D.* Absent that improper action by Appellees, none of these matters would have been considered, put to a vote or be alleged to have been passed. *Exhibit C, p. 27, 35-36.*

After claiming to have terminated the City Manager and City Attorney by these invalid actions and votes, Appellees then filed notice for a June 1 meeting, wherein they purported by their further invalid actions and vote to hire Appellees' attorney Gilberto Hinojosa, as the new City Attorney of Appellant. *Exhibit D.* Appellees also purported to act and vote to declare that Humberto Silva would be counsel for the City in this appeal, for the sole purpose of dismissing this appeal and agreeing to the claims Appellees made in their lawsuit. Exhibit D. However, Mr. Silva has no representation agreement or contract with the City of Port Isabel. *Exhibit C,* p. 79.

As testified to by the City Secretary, the Minutes purporting to reflect that action, which is the only way the public can determine what action this public body purports to take, are "gibberish" and "nonsense" such that a member of the public could not discern that the action taken by Appellees did indeed accomplish what they claim -- removal of the City Attorney Mr. Collins, making Appellee's counsel City Attorney, or retaining Mr. Silva to dismiss this appeal. *See Exhibit C,* p. 48-49 (Testimony by City Secretary that she could not understand the meeting minutes as written and that those minutes do not make sense in the English

7

language). *Id.* at 122 (Assistant City Attorney Dennis Houfek's testimony confirming he cannot ascertain what the meeting minutes mean from plain reading.) Section 551.021 of the Texas Government Code requires that "A governmental body shall prepare and keep minutes or make a recording of each open meeting of the body. The minutes must: (1) state the subject of each deliberation; and (2) indicate each vote, order, decision, or other action taken." The above referenced Minutes do not follow this rule because they do not "indicate each vote, order, decision, or other action taken." As a result, and because acts of a public body are only carried out in accordance with lawful, public action when they can be discerned by members of the public through a reading of the minutes of such action, Mr. Silva's claims must fail.

Additionally, the agenda posting for the meeting is in violation of the City Charter and therefore any action was invalid. *Exhibit C.* at 123. Susana Alcocer, the City Secretary, testified that the City Charter for the City of Port Isabel requires that the City Secretary post any notice for a valid, lawful meeting of the City Commission. Exhibit C, pp.24-25:

Q. … the charter that's in evidence before the Judge that requires that the city secretary, you as the city secretary, post any notice of any valid lawful meeting, correct?

A. Yes.

Q. … with respect to this May 19th meeting that has been offered as Exhibit 3, you did not post any notice for that meeting,

8

correct?

A.    Yes, that's correct.

The Assistant City Attorney also confirmed that the posting of the meeting agenda was in violation of the City Charter. *Id. at 122.* Action in an illegal meeting of this public body is improper.

Appellants' counsel, Robert L. Collins, has served as the official City Attorney of Port Isabel since 2006, and has represented, defended and worked with Appellants in this suit since its onset. *See Exhibit F (Affidavit of Appellants).* These affidavits were given specific attention by the trial court. When the trial court was asked to consider all affidavits and pleadings on file, the court replied "I'm going to consider everything that I have before me and I will give it whatever weight it deserves." *Exhibit C, pp 138.* Appellants' counsel, Robert Collins, Michael Cowen, and Frank Perez, have and continue to meet with Appellants and represent Appellants in this case. *See Exhibit F.* Other than the invalid actions purported to have been taken by Appellees, Appellants have taken no action or given any notice that Robert Collins no longer represents them or the City in this suit and appeal. *Id.*

On October 23, 2015, the trial court held a hearing on Humberto Silva's motion to show authority, wherein Mr. Silva maintained that he is now the attorney for the Defendant City of Port Isabel in this cause, and complained that

attorney's Robert L. Collins and that counsel for the individual Appellants, Michael Cowen, and Frank Perez did not have authority to represent the Appellants. On October 26th, the trial court signed an order granting Mr. Silva's Motion to Show Authority, and decreeing that he had the authority to appear on behalf of the City of Port Isabel. The same order purports to strike all pleadings previously filed for Appellant City by Robert Collins, among other things. In response, On November 30th, Appellants filed their brief and objections to the trial court's Order on Silva's motion to Show Authority. After Appellant's Brief was filed pointing out that there were no Findings or Conclusions by the trial court, on December 1st, 2015, the trial court appears to have signed the Order Adopting Findings of Fact and Conclusions of Law submitted by Humberto Silva. Appellants now supplement their November 30th brief and object to the Findings of Fact and Conclusions of Law adopted by the trial court.

## LEGAL AUTHORITY

Section 171 of the Texas Local Government Code prohibits public officials with a substantial interest from voting or participating on matters involving that business. Tex. Loc. Gov. Code 171.004. Purposefully violating the section is a Class A misdemeanor. *Id.* at 171.003. Any vote that would not have passed without the conflicted vote is voidable. *Id.* 171.006. *Dallas County Flood Control Dist. No. 1 v. Cross*, 815 S.W.2d 271, 278 (Tex. App. Dallas 1991). A local public official is

considered to have a substantial interest under this section if a person who has a substantial interest is related to the official in the first degree of consanguinity or affinity. *Id.* 171.002. Appellees, purporting to act in their official capacities, and only allowed to claim to do so by the appealed temporary order in this case, acted in direct conflict of interest when they took action and votes made the basis of Silva's Motion to Show Authority. Those illegal votes and actions should be disregarded, declared void and annulled.

## OBJECTIONS

### A. Humberto Silva was not a party in this suit and, therefore, did not have standing to bring a motion to show authority.

Appellant and undersigned counsel timely filed a response contending that Humberto Silva does not have standing to file or bring the motion to show authority in this case, and brought that issue before the trial court at commencement of the hearing. Rule 12 T.R.C.P., the only basis to challenge authority of counsel under Texas law, does not provide a vehicle for the relief Mr. Silva requests, and more fundamentally, the rule specifically addresses standing by requiring that such a motion can only be filed by a party. Rule 12, T.R.C.P.; *Philips v Philips,* 244 S.W.3d 433, 435 (Tex. App. -- Houston [1st Dist.] 2007, no pet.). An attorney who is not a party to the case does not have standing to file a Rule 12 motion. *Id.* Humberto Silva is not a party to this case, and, therefore, does

11

not have standing to file a motion to show authority of counsel. The City of Port Isabel and counsel made subject of the motion timely raised the objection to Humberto Silva's lack of standing before the trial court. *See Exhibit B.*

After Mr. Silva identified himself on the record as the movant, Appellants' Counsel, Robert Collins, stated at the hearing:

> As a preliminary matter -- and I think we just heard Mr. Silva correctly state that he is the Movant. The case of *Phillips v. Phillips* directs us that Mr. Silva has no standing to be the Movant. And we filed a response objecting to his motion on the grounds that he has no standing. That precise issue was raised in the *Phillips* case, 244 S.W.3d 433. … What we have here is Mr. Silva, as an attorney, filing a motion challenging counsel for one of the parties. He's not a party. No party has made that motion. …that's exactly what happened in the *Phillips* [case], Judge. One of the lawyers made the motion and the Court of Appeals said this is disposed of as a matter of law.

*Exhibit C*, p. 6.

Other than the invalid actions purported to have been taken by Appellees, Appellants have taken no action to appoint Silva or remove Robert Collins from representing them in this suit and appeal. *Exhibit F.* Additionally, there is no representation agreement to give Silva authority to represent the City in this suit. *Exhibit C,* p. 79. The trial court erred in granting Mr. Silva's motion, despite his lack of standing. The trial court made no ruling on the standing issue despite it being timely raised by Appellant's.

B. ***The Trial court should not have adopted The findings of fact and conclusions of law proposed by Humberto Silva.***

12

The findings of fact and conclusions of law proposed by Humberto Silva and adopted by the trial court, and attached hereto as Exhibit G, do not accurately reflect the facts of this case as established by the testimony, evidence and affidavits admitted at the hearing and in the record. More specifically, appellants object to the following findings for the following reasons:

- In item number 5 of the Trial Court's Findings of Fact, the court found that the City conducted a lawfully-posted Special Meeting on May 19, 2015. This conclusion is not supported because there is no evidence to that effect and:

  - According to testimony by City Secretary Susana Alcocer, the City Charter requires that the City Secretary post any notice for any meeting to be a valid, lawful meeting of the City Commission. Ms. Alcocer did not post the notice for the meeting held on May 19. *Exhibit C,* pp. 24-25. Therefore, the May 19th meeting was not lawfully posted, notice was not lawfully given and the actions therein taken were not in accordance with the City Charter or the Texas Open Meetings laws.

  - The Assistant City Attorney also testified that the posting of the subject meeting agenda and notice of meeting was in violation of the City Charter. *Id* at *122*.

- In item number 7 of the Silva proposed Findings of Fact, the court found that the termination of Robert L. Collins as the city attorney was because the City was dissatisfied with his services, and not because the commissioners had a personal or pecuniary interest in the termination of his services. In item number 8 of the Silva proposed Findings of Fact, the court found that the termination of Robert L. Collins was not related to any matter in which the city commissioners had a personal interest such that they would have a conflict of interest. These conclusions are not supported because there is no evidence to support them, they are so obviously against the great weight of the evidence and:
  - At the onset of the May 19th meeting, Mayor Vega gave notice to Appellees that they had conflicts of interest, and that any vote to remove the City Attorney or the City Manager would be a violation of their ethical duty, would be a conflict of interest, would be illegal, and would be null and void. Appellees had actual awareness of their conflicts. *Exhibit D,* pp. 2.
  - City Secretary Susana Alcocer, who is specially trained, experienced and worked daily for many years with municipal conflict of interest rules in her capacity as the official City Secretary, and who has special training through the City Secretary Association and Texas

14

Municipal League with respect to municipal officials conflict of interest issues, testified that Appellee Commissioners should not have acted or voted if they have a personal interest in the outcome of something, or if it pertains to them, as is obviously the case here. *Exhibit C, pp. 28-29.*

o The action before this court is based upon Appellee's admitted dealings and business transactions with the City of Port Isabel through businesses in which they admit to have a substantial interest pursuant to Tex. Loc. Gov. Code 171.004. According to the affidavit of then-City Manager Edward Meza, Appellees Cantu and Zamora had conducted business with the City in violation of the City Charter when they directed city employees to bring city vehicles to their automotive businesses for service. *Exhibit F*, *affidavit of Edward Meza.* In her affidavit, Appellant Commissioner Garza stated that Appellees Cantu and Zamora admitted to doing business with the city through their respective car repair businesses. *Exhibit F, Affidavit of Maria Garza*. Appellant Mayor Joe Vega also stated in his Affidavit that Appellees were doing and had done business with the city. *Exhibit F, Affidavit of Joe Vega*. These affidavits were part of the evidence submitted and considered by the trial court.

15

*Exhibit C,* pp 138. At the April 24th hearing before this court, Appellee's counsel judicially admitted Appellees respective breach of the City Charter and self-dealing in business transactions with the City: "They (the City of Port Isabel) would send their business to Mr. Zamora on occasion, to his business to repair, they would send their business to Mr. Cantu on occasion to repair…" *Exhibit H,* pp 14.

o Appellees Zamora and Cantu are the plaintiffs in this suit against the City, which is being defended by Mr. Collins as City Attorney. Any vote which would have an effect on this suit, including the vote to remove Mr. Collins as City Attorney, would constitute a personal interest in which Appellees have an obvious conflict. In addition, during the June 1st meeting, Appellees sought to dismiss this appeal challenging the injunction that is currently allowing them to remain in office and purport to take these actions. The above-mentioned testimony and affidavits establish that Appellees Zamora and Cantu have both personal and pecuniary conflicts of interest in this matter.

- In items number 11 of the Trial Court's Findings of Fact, the court found that there was no conflict of interest when Appellees acted as City Commissioners to purport to retain attorney Humberto Silva. These

conclusions are not supported because Appellees Zamora and Cantu voted to retain Mr. Silva in order to terminate the City of Port Isabel's appeal, where Appellees Zamora and Cantu are the plaintiffs who would benefit and indeed economically profit from capitulation of the City's position in this litigation. *Exhibit D*, June 21 meeting minutes. As explained above, Appellees have a personal and pecuniary interest in this lawsuit. The conflict is obvious and there is no evidence to support the conclusion adopted by the trial court.

- In item number 3 of the Silva's proposed Conclusions of Law, the trial court found that Appellee's acting as City Commissioners had no substantial interest in nor prohibited economic effect from the actions and votes they undertook to terminate Robert Collins as counsel for the City according to section 171 of the Local Government Code. This conclusion is not supported because there is no evidence to support it and because this law does not apply:

  - As stated above, the basis for the suit in which Humberto Silva brought his motion to show authority as Movant, involves the substantial personal economic interest of Appellee's Zamora and Cantu. *See Exhibit F*. Section 171 of the Texas Local Government Code prohibits public officials with a substantial interest from voting

or participating on matters involving that business. Tex. Loc. Gov. Code 171.004.

- In item number 4 of the Silva proposed Conclusions of Law, the trial court found that the Port Isabel City Charter has no conflict of interest provisions which would prohibit Port Isabel City Council (sic) members from taking actions terminating Robert Collins as counsel for the City. This conclusion is not supported because there is no evidence to support it, it is contrary to the evidence and the City Charter has precisely such a conflict of interest prohibition:

  o The Port Isabel City Charter states that "The Mayor, Commissioners, and other officers and employees shall not be interested in the profit or emoluments or any contract, job, work or service for the City of Port Isabel." *Exhibit E, §2.02*. The penalty for violation of §2.02 is the immediate forfeiture of and disqualification from being a candidate for or holding office. *Id*.

  o According to the Affidavits of Edward Meza, and Appellants Mayor Joe Vega, and Commissioner Garza, Appellees were doing business with the City. *Exhibit F*. Appellee's have admitted such business activity. *Exhibit I,* pp 14.

18

- In purporting to act to remove Mr. Collins as City Attorney, so they can then act to replace the City Attorney with Mr. Silva with orders to dismiss the appeal before this court, Appellee Commissioners Zamora and Cantu are attempting to usurp the legal consequence of their violations of the city charter by further illegal acts and self-dealing designed to interfere with this Court's jurisdiction and the legal processes. [1]

- In item number 4 of the Silva's proposed Conclusions of Law, the trial court found that since the majority of the City of Port Isabel City Commissioners were parties to the instant lawsuit when the termination of Robert Collins took place, Section 171.004(c) negates any possible conflict. This conclusion is not supported because the statute does not apply to this case:

  - Section 171.004(c) negates conflict if a majority of a governing body is required to file affidavits under 171.004(a). 171.004(a) requires anyone with a substantial interest in a business entity or real property with an issue before the governing body to file an affidavit. Of the five commissioners including the Mayor, only Commissioners

---

[1] Also contrary to the City Charter which requires the City Attorney represent the City in all litigation – Mr. Silva does not purport to be City Attorney, indeed, Appellee's trial counsel, Mr. Hinojosa now claims to be City Attorney, again through illegal acts and votes of Appellee's

19

Zamora and Cantu, a minority, have an underlying business interest conflict related to this lawsuit, and that has nothing to do with filing affidavits. There are not a sufficient number of commissioners with a substantial business interest to constitute a majority and potentially invoke 171.004(c). This section does not apply, the evidence does not support such a claim and this Conclusion is erroneous.

- In item number 5 of the Silva proposed Conclusions of Law, the trial court found that the termination of Robert Collins as the City Attorney was not a matter that involved any direct personal interest of any commissioner such that the action would be void. This conclusion is not supported because it is contrary to the evidence and:

  o As discussed above concerning Silva's proposed Finding of Facts number 7, the record shows that here, the Appellees have an admitted pecuniary interest and a personal interest. Section 171 of the Texas Local Government Code prohibits public officials with a substantial interest from voting or participating on matters involving that business. Tex. Loc. Gov. Code 171.004. Here, Appellees have a clear conflict in acting or voting concerning this appeal and lawsuit and with respect to counsel's status as they have a direct interest in this case, in the business they admittedly did with the City in

20

violation of the City Charter and state law, and in keeping their paid positions as Commissioners despite the Charter mandate that they are automatically removed from and disqualified to hold office. *See Exhibit* E. Appellee's self-dealing and conflict could be no more obvious.

- In items numbers 6 and 7 of the Silva proposed Conclusions of Law, the trial court found that the hiring of Humberto Silva as the attorney for the City of Port Isabel in this case did not create a conflict of interest. This conclusion is not supported because it is contrary to the evidence: Appellees Zamora and Cantu acted and voted to retain Mr. Silva in order to terminate the City of Port Isabel's appeal of this case, where Appellees Zamora and Cantu are the opposing parties. *Exhibit D*, June 21 meeting minutes. The conflict of interest is obvious, and the alleged hiring of Silva is in doubt due to the infirmity of the notice of that meeting and the fact that the Minutes are defective due to being incomprehensible and not comporting to 551.021 of the Texas Government Code. The trial court's finding has no basis.

- In item number 9 of the Silva proposed Conclusions of Law, the trial court concluded that Robert Collins failed to meet his burden of proof to show that he had the requisite authority to represent the city in its official

capacity in the trial court and in this court. Item number 10 concludes that Mr. Collins was lawfully terminated by the City, and no longer has the authority to represent The City. These conclusions are not supported because Silva had no standing to bring the Rule 12 motion and as they are contrary to the evidence and record of this case:

o Appellees action and vote to remove Appellant's counsel Robert Collins was invalid and void due to infirmity of the meeting notice, an obvious conflict of interest, and the motion would not have been considered or passed without the votes of the self-interested appellee commissioners. In addition, Appellees action and vote to remove Robert Collins was invalid and void because it is contrary to the law to allow illegal and improper action and votes purportedly made as part of the acts of a public body to be given any effect or probity in this context and as the meeting was not properly noticed and as a result any action purportedly taken at the meeting was improper as a violation of the Open Meetings Act and the minutes, which are the official statement of whatever action was taken are "gibberish and nonsense" such that they cannot be discerned or reasonably claimed to have accomplished what Mr. Silva alleges.

o Other than the void action and void vote, nothing in the record indicates that Robert Collins has been removed as the City Attorney of Port Isabel or as counsel in this case. As evidence of his authority, Mr. Collins has continued to be and act as the attorney of record and City Attorney in other litigation as proved by this record. *See Exhibit C*, pp 24, where the Trial Court takes judicial notice that Robert Collins was listed as counsel of record for the City of Port Isabel in a case against the City of Brownsville the day of the October 23rd hearing.

o The Port Isabel City Charter authorizes the City Attorney represent the City in all cases pending in any Court wherein the City is a party. *Port Isabel City Charter §3.05.*

o Assistant City Attorney Dennis Houfek testified based on special knowledge and training including courses from Texas Municipal League and other training on the issues of conflict of interest for members of a public entity that Appellee Commissioners had a conflict of interest in terminating Robert Collins as the City Attorney, and that the vote to remove Robert Collins was void. *Exhibit C,* pp. 118-121. Because the vote to remove him was void, Mr. Collins remains the lawful City Attorney for the City of Port

Isabel, and has the authority to represent the City of Port Isabel.

- In addition to the above, any action taken by Appellee Commissioners Zamora and Cantu should be considered void, and no effect should be given to their votes, because the injunction, which is the subject of this appeal, allowing them to purport to sit as Commissioners and vote in the first place, was improper. By attempting to use their improperly granted authority to terminate the appeal challenging said authority, Appellees are attempting frustrate the judicial process and circumvent the authority and jurisdiction of this Court. This subverts the very foundations of justice for a corrupt purpose.

C. ***Appellant's proposed findings of fact and conclusions of law are supported by the evidence and should have been adopted by the trial court.***

As addressed in more detail in Appellant's Findings of Fact and Conclusions of Law attached hereto as Exhibit B, the City of Port Isabel filed proposed findings of fact and conclusions of law which accurately concluded that:

- Humberto Silva is not a party to this lawsuit, and, therefore, did not have standing pursuant to Rule 12 T.R.C.P..

- The votes that purported to remove Robert Collins as City Attorney and appoint Humberto Silva as Counsel in this suit are void due to the self-

24

interest of the commissioners who brought the motion, the substantial self interest these commissioners have in this proceeding pursuant to Tex. Loc. Gov. Code 171.004, and the fact that the motions would not have been considered or passed without the actions of the self-interested commissioners, Appellees.

- Appellees not only purported to replace opposing counsel in this appeal with an attorney of their choosing, but they also purported to appoint their attorney, Mr. Hinojosa, as the new City Attorney. Conflicts of interest of all involved in those dealings could be no more obvious.

- Appellee/Plaintiffs plainly and openly used a temporary injunction meant to maintain the status quo, and instead used the power of that appealed order to accomplish their subsequent void and illegal actions and votes to wrongfully claim to control both sides of this lawsuit, including their stated intent to dismiss the City's Appeal of the temporary injunction.

- Due to the votes being void for personal conflicts of Appellees, Robert Collins is City Attorney for Port Isabel and the only attorney of record for Port Isabel in this lawsuit.

- At the hearing, Mr. Hockema, the interim City Manager, testified that there is no representation agreement authorizing Mr. Silva to represent the City of Port Isabel. *Exhibit C,* p. 79.

- Attached as *Exhibit F*, and made a part of the record the trial court considered as reflected by the transcript of the hearing, are Affidavits by City Manager, Ed Meza; Defendant (Appellant) Maria Garza; and Defendant Appellant Joe Vega stating that it is their intention and desire to pursue the appeal they filed and for the City to be represented in that matter by Robert Collins. *Exhibit F*. Despite Appellants' intention and desire, Mr. Hockema admitted that Mr. Silva, who was appointed in a motion by Appellees to represent Appellants, was specifically instructed to terminate this appeal. *Exhibit C*, p. 79.

- Appellee's Cantu and Zamora took actions to remove Appellants' counsel Mr. Collins from defending the lawsuit that they filed, but not from all City of Port Isabel representation, demonstrating their intention to only act when it fit their personal interests and benefitted them personally. The City Secretary, Susana Alcocer, testified that no action has been taken to remove Robert Collins as counsel representing Port Isabel in other litigation. *Exhibit C, p. 24.*

  o She testified that:

  Q. There has not been any action by the City of Port Isabel or anybody out there claiming that I'm not representing the city as the city attorney in that lawsuit involving the City of Brownsville has there?

  A. No.

o At the hearing, she described the specific acts of conflicts of interest of Appellees in this case when she testified that: Cantu, a Plaintiff (Appellee), in this lawsuit, made the motion to remove Defendant (Appellant) City of Port Isabel's counsel in this case at the May 19, 2015 meeting; *Exhibit C*, pp. 27-28; and Appellee Zamora seconded, and both Appellees Cantu and Zamora voted, to retroactively remove Defendants Garza, Torres, and Vega's counsel in this lawsuit. *Id.* at pp. 37-38. Those are the improper actions made the basis of the Motion to Show Authority. Rule 1, T.R.C.P. would dictate that the wrongful actions of Appellees not be supported by a Rule 12 motion as the rules should be applied to do justice.

o The City Secretary also testified that Appellees Cantu and Zamora repeatedly moved, seconded, and voted on items related to them personally, and this lawsuit. *Exhibit C,* 43-45; *Exhibit D* (Meeting minute showing Cantu and Zamora moving, seconding, and voting on issues related to their personal business and litigation they filed and are party to in their personal capacities). Appellee Cantu also placed the agenda item, seconded, and voted to rescind the finding that he violated the City Charter, *Exhibit C*, pp. 34, and that

27

without Cantu's seconding, the vote would never have happened. *Exhibit C,* p. 35; *Exhibit D.*

- o Before serving Port Isabel as Assistant City Attorney, Dennis Houfek served as a Special Agent of the Federal Bureau of Investigation, and has worked in both the public and private sector. *Exhibit C, 117-118.* At the hearing, Mr. Houfek explained that Appellees Cantu and Zamora had a personal interest in the actions related to this lawsuit and to remove the City Attorney and City Manager so they could accomplish dismissal of this appeal and victory in their litigation. He further testified that Appellees Cantu and Zamora had a conflict and should not have moved, seconded or voted on the issues related to themselves personally, and this lawsuit, as described herein. *Exhibit C,* 121.

**CONCLUSION**

Mr. Silva did not have standing to bring a motion to show authority. Therefore, there was no jurisdiction for the trial court to consider or grant Mr. Silva's Motion, and it should be rendered as denied, and the same Motion filed by Mr. Silva in this Court should likewise be denied. The Findings of Fact and Conclusions of Law proposed by Mr. Silva and adopted by the trial court do not accurately reflect the facts as demonstrated

by the record and applicable law, and the order adopting the Findings and Conclusions should be reversed and disregarded. The facts are clear from the record: Robert Collins is the proper attorney of record for the City of Port Isabel, and no legitimate or lawful action has been taken to the contrary. The City of Port Isabel's filed and proposed findings of fact and conclusions of law accurately reflect the facts and applicable law in this case.

## PRAYER

Appellant City of Port Isabel, and its undersigned counsel, pray that for all of the foregoing reasons, this Court will reverse the trial court's order on Silva's Motion to Show Authority, and deny that Motion in this Court as well, allowing this Appeal to proceed and so that justice may be done.

Respectfully submitted,

_____

_____

Robert L. Collins
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile
houstonlaw2@aol.com

ATTORNEYS FOR CITY OF

29

PORT ISABEL
## <u>**CERTIFICATE OF SERVICE**</u>

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, on this 11th day of December, 2015:

Humberto Silva
Law Office of Humberto Silva
P.O. Box 2091
Donna, Texas 78537
Tel. 956-463-4896
Hsilvalaw1993@yahoo.com

Ricardo L. Salinas
Law Office of Salinas Flores
2011 North Conway Avenue
Mission, TX 78572
Fax: 956-580-9688
rsalinaslaw@yahoo.com

Michael R. Cowen
THE COWEN LAW GROUP
62 E. Price Road
Brownsville, TX 78521
 (956) 504-3674 Facsimile
michael@cowenlaw.com

Frank E. Perez
FRANK E. PEREZ & ASSOCIATES, PC
300 Mexico Boulevard
Brownsville, TX 78520
 (956) 504-5991 Facsimile
fperez@feperezandassociates.com

_____
Robert L. Collins