Opinion issued October 18, 2007 







 


In The 

Court of Appeals

For The

First District of Texas






NO. 01-06-00526-CV

 __________


PATRICIA PHILLIPS, Appellant


V.


CHARLES T. PHILLIPS, Appellee






On Appeal from County Court at Law at Law No. 3

Galveston County, Texas

Trial Court Cause No. 02-FD-1128






O P I N I O N

 After Patricia and Charles T. Phillips's divorce decree was signed, Patricia
retained a new attorney to file a motion for new trial. The trial court struck the motion
for new trial after hearing Patricia's trial attorney's Rule 12 motion to show authority,
challenging the new attorney's authority to represent Patricia. In one point of error,
Patricia argues that the trial court erred in striking her motion for new trial. We agree,
reverse the trial court's grant of the Rule 12 motion, and remand for a hearing on the
motion for new trial. 

Background

 On December 13, 2005, Patricia and Charles's uncontested divorce was granted,
and their property division was approved, judgment to be entered on January 9, 2006. 
However, several changes were made to the decree, which was not signed until
February 16, 2006. Patricia twice told her trial counsel, Bruce Mauzy, to file a motion
for new trial or notice of appeal. He refused and told her that she would have to hire
another attorney to file her requests and have the new attorney send him a motion to
substitute counsel. Patricia retained Charles A. Hood, who timely filed her motion for
new trial and set it for hearing on April 12, 2006. Mauzy was served with a subpoena
duces tecum the day before the hearing requesting that he turnover Patricia's file. 

 On the day of hearing on Patricia's motion for new trial, Mauzy filed a motion
to show authority under Texas Rule of Civil Procedure 12 and a motion to quash the
subpoena duces tecum. In the Rule 12 motion, Mauzy argued that Hood lacked
authority to file the motion for new trial because Mauzy was still Patricia's attorney
when the motion for new trial was filed, and Hood was thus interfering with their
attorney/client relationship. The trial court found that Hood lacked authority and
struck Patricia's motion for new trial. Hood responded the same day with a motion
to substitute counsel and an amended motion for new trial, neither of which was ruled
on by the trial court. He also later filed a motion to reconsider, which the trial court
denied after a hearing. Patricia now appeals. Summary of Argument

 In her sole issue, Patricia argues that the trial court erred in striking her motion
for new trial. She asserts that, because Mauzy no longer represented her at the time
Hood filed the motion for new trial, the motion should have been heard, not stricken. 
In support, Patricia contends that: (1) because only a party may challenge an
attorney's authority through a Rule 12 motion, Mauzy lacked standing to challenge
Hood's authority; (2) it was error for the trial court to hear Mauzy's motion to show
authority on the same day it was filed; (3) a client can discharge her attorney and hire
new counsel at anytime, for any reason, and, once discharged, the former attorney
must withdraw; (4) a motion to substitute counsel was unnecessary; and (5) she was
harmed by being denied the counsel of her choice. 

Standard of Review

 We review a trial court's striking of a motion for new trial for an abuse of
discretion. See Air Park-Dallas Zoning Comm. v. Crow-Billingsley Airpark, Ltd., 109
S.W.3d 900, 908 (Tex. App.--Dallas 2003, no pet.). A trial court abuses its discretion
if it acts in an arbitrary or unreasonable manner without reference to guiding rules or
principles. CHCA Mainland, L.P. v. Burkhalter, 227 S.W.3d 221, 226 (Tex.
App.--Houston [1st Dist.] 2007, no pet.). When reviewing matters committed to the
trial court's discretion, we may not substitute our own judgment for that of the trial
court. Id.

Standing

 Patricia argues that, because Rule 12 states that "[a] party in a suit or
proceeding" may bring a motion to show authority, Mauzy, a non-party, lacked
standing to bring such a motion. Tex. R. Civ. P. 12. Because standing is a component
of subject-matter jurisdiction, we review a trial court's determination of standing de
novo. Hairgrove v. City of Pasadena, 80 S.W.3d 703, 705 (Tex. App.--Houston [1st
Dist.] 2002, pet. denied). An order is void, among other things, if the trial court lacks
subject-matter jurisdiction to render it. Hong Kong Dev., Inc. v. Nguyen, 229 S.W.3d
415, 439 (Tex. App.--Houston [1st Dist.] 2007, no pet.).

 We are also called upon to interpret the meaning of "party" in Rule 12. "[R]ule
interpretation is 'a pure question of law over which the judge has no discretion.'" 
Bradt v. Sebek, 14 S.W.3d 756, 762 (Tex. App.--Houston [1st Dist.] 2000, pet.
denied) (quoting Mitchell Energy Corp. v. Ashworth, 943 S.W.2d 436, 437 (Tex.
1997)). Thus, we also review rule interpretation de novo. BASF Fina Petrochemicals
Ltd. P'ship v. H.B. Zachry Co., 168 S.W.3d 867, 871 (Tex. App.--Houston [1st Dist.]
2004, pet. denied). When a rule of procedure is clear, unambiguous, and specific, we
construe its language according to its literal meaning. Bradt, 14 S.W.3d at 762.

 Rule 12 has long been the exclusive method for questioning the authority of an
attorney to bring a suit. Angelina County v. McFarland, 374 S.W.2d 417, 423 (Tex.
1964). At its roots, Rule 12 (originally Article 320 of the Texas Revised Civil
Statutes) was created to protect defendants by giving them a means for determining
whether a plaintiff had authorized an attorney to act. Id. Until 1981, a Rule 12 motion
was limited to a defendant challenging a plaintiff's attorney's authority to prosecute
a suit; afterward, Rule 12 was changed to also allow a plaintiff to challenge another
party's attorney's authority. See Gulf Reg'l Educ. Television Affiliates v. Univ. of
Houston, 746 S.W.2d 803, 810 (Tex. App.--Houston [14th Dist.] 1988, writ denied). 

 In the present case, Mauzy, Patricia's original trial counsel, filed a Rule 12
motion contesting Hood's authority to represent Patricia in a motion for new trial. 
Rule 12 does not address whether a motion can be filed by a non-party attorney. 
Therefore, we must strictly adhere to the Rule's language, which plainly grants a party
standing to challenge an attorney's authority. See Bradt, 14 S.W.3d at 762.

 Charles claims that, because he "urged the trial court to grant" Mauzy's Rule
12 motion during the hearings on the Rule 12 motion and the motion to reconsider, the
"party" requirement of Rule 12 was met. Regardless, Mauzy filed the Rule 12 motion
on his own accord--Charles was not represented by Mauzy, and he did not prompt
Mauzy to bring this motion. The motion challenging Hood's authority was not
brought by or on behalf of any party.

 Thus, because Mauzy lacked standing to file the Rule 12 motion, the trial
court's order ruling on the merits and finding that Hood lacked authority is void. See
Hong Kong Dev., 229 S.W.3d at 439. The trial court struck Patricia's motion for new
trial after erroneously hearing the Rule 12 motion and determining that Hood lacked
authority to represent Patricia. As a result, the trial court abused its discretion in
striking the motion for new trial. Because this holding is dispositive of Patricia's
appeal, we need not address the merits of her other arguments.

Conclusion

 We reverse the trial court's striking of the motion for new trial and remand to
the trial court for a hearing on the motion for new trial.


 George C. Hanks, Jr.

 Justice



Panel consists of Justices Taft, Hanks, and Higley.