Opinion issued March 12, 2015



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-13-01059-CV

————————————

**TYRONE TANNER, Appellant**

**V.**

**KATHLEEN BLACK, Appellee**

---

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 12-DCV-198557**

---

## O P I N I O N

Appellant Tyrone Tanner sued appellee Kathleen Black alleging various causes of action arising out of her service as a court-appointed amicus attorney during his earlier divorce case. He brought suit individually and as next friend of

his minor daughter. After Black filed a motion for Tanner to show authority to act as next friend of his child, the trial court struck all of Tanner's pleadings, dismissed the case, and awarded Black attorney's fees and costs of court as a sanction.

Because we conclude that the trial court erred by striking Tanner's individual pleadings and awarding sanctions, we reverse and remand.

## Background

In 2008, Kathleen Black was appointed to serve as an amicus attorney by the trial court that presided over Tyrone Tanner's divorce, which involved questions of conservatorship of his minor daughter. After the final divorce decree was rendered, Tanner sued Black. In so doing Tanner acted on his own behalf, but he also purported to sue on behalf of his daughter, in the capacity of her next friend.

Black filed a general denial and pleaded the affirmative defense of immunity as provided by Texas Family Code section 107.009. She counterclaimed for sanctions alleging that Tanner's lawsuit was "groundless and brought in bad faith or for the sole purpose of harassment." She also filed special exceptions. The record includes no indication that Black sought a hearing or ruling on her special exceptions, her immunity defense, or her sanctions motion.

In addition, Black filed a "Motion to Show Authority," in which she argued that Tanner lacked authority to act as next friend of his daughter because the final

divorce decree required the joinder of his ex-wife in legal proceedings brought on behalf of the child. An evidentiary hearing was held on the motion to show authority, but the appellate record does not include the divorce decree, the record of the divorce, or any further clarifying order made by the court. Still, Tanner acknowledged that the agreement of both parents was required by the divorce decree to authorize a suit on behalf of the child, and that the mother had not agreed. Thus Tanner effectively conceded that his attorney lacked authority to proceed on behalf of the child.

At the hearing on the motion to show authority, Black asked the trial court to dismiss the case in its entirety. Tanner argued that his individual claims remained viable. Black argued that all of Tanner's claims were "derivative" of the work she did as an amicus attorney and therefore "derivative" of the claims brought as next friend of Tanner's child. She also requested an award of attorney's fees based on her counterclaim for sanctions. The trial court heard evidence on the amount and reasonableness of Black's attorney's fees. The court struck all of Tanner's pleadings and awarded Black $26,353.17 in attorney's fees and costs of court.

Tanner filed a motion for new trial, in which he argued that the court erred by impliedly finding that he lacked standing to sue Black individually and without the joinder of his child as a party. The motion for new trial was overruled by operation of law, and Tanner appealed.

## Analysis

Tanner raises two issues on appeal. First he argues that the court erred by striking all of his pleadings after granting Black's motion to show authority. Second he argues that the court erred by awarding Black attorney's fees as sanctions when she failed to prove that his lawsuit was groundless or brought in bad faith or for the sole purpose of harassment.

### I. Striking Tanner's pleadings

When a party to a lawsuit believes that the suit is being prosecuted or defended without authority, she may file a sworn motion questioning the attorney's authority to act. TEX. R. CIV. P. 12. "Rule 12 has long been the exclusive method for questioning the authority of an attorney to bring a suit." *Phillips v. Phillips*, 244 S.W.3d 433, 435 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Angelina Cnty. v. McFarland*, 374 S.W.2d 417, 423 (Tex. 1964)). Its primary purpose was to protect defendants by enabling them to determine who had authorized the suit. *Angelina Cnty.*, 374 S.W.2d at 423; *Phillips*, 244 S.W.3d at 435. A trial court's ruling on a motion to show authority is not a decision on the merits or determination of ultimate questions of fact. *In re Guardianship of Benavides*, 403 S.W.3d 370, 374 (Tex. App.—San Antonio 2013, pet. denied). It is simply a pretrial determination of an attorney's authority to represent a party. *Id.*

4

Upon the filing of a motion to show authority, the challenged attorney bears the burden to "show sufficient authority to prosecute or defend the suit on behalf of the other party." *Id.* If the challenged attorney fails to show authority to act, "the court shall . . . strike the pleadings if no person who is authorized to prosecute or defend appears." *Id.*

We review a trial court's ruling on a motion to show authority for an abuse of discretion. *See Benavides*, 403 S.W.3d at 373–74; *R.H. v. Smith*, 339 S.W.3d 756, 762 (Tex. App.—Dallas 2011, no pet.); *see also Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 432 (Tex. 1986). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *McGuire v. McGuire,* 4 S.W.3d 382, 384 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

Black's attorney filed a sworn written motion challenging the authority of Tanner and his attorney to represent Tanner's daughter in this case. At the hearing on the motion to show authority, Tanner conceded that he lacked authority to represent his daughter without joinder of his ex-wife, who was unwilling to participate in the lawsuit, and he does not challenge the judgment to the extent the trial court struck the pleadings filed in a purported next-friend capacity. *See* TEX. R. APP. P. 12. However, the reporter's record shows that the attorney also appeared

on Tanner's own behalf in his individual capacity, and the motion to show authority did not challenge his attorney's authority to represent him.

At the hearing, Black argued that Tanner's individual pleadings should be struck because "the only claims which might have existed were all derivative of the minor child." She did not argue at the hearing that she was immune from suit under section 107.009 of the Family Code.

On appeal, Black argues that Tanner had no right to sue her because she had immunity. Section 107.009 provides that "an amicus attorney" appointed to assist the court is immune from liability for civil damages "arising from an action taken, a recommendation made, or an opinion given in the capacity of . . . amicus attorney." TEX. FAM. CODE § 107.009(a). However, this statutory grant of immunity is not absolute; an exception to immunity exists for a recommendation made or an opinion given "(1) with conscious indifference or reckless disregard to the safety of another; (2) in bad faith or with malice; or (3) that is grossly negligent or willfully wrongful." *Id.* § 107.009(b). Immunity under section 107.009 is an affirmative defense. *See* TEX. R. CIV. P. 94; *Zeifman v. Nowlin*, 322 S.W.3d 804, 808 (Tex. App.—Austin 2010, no pet.); *Kabbani v. Papadopolous*, No. 01-07-00191-CV, 2009 WL 469546, at *2–4 (Tex. App.—Houston [1st Dist.] Feb. 26, 2009, pet. denied) (mem. op.). A defendant raising an affirmative defense must plead and prove all elements of the affirmative defense in order to be entitled to

judgment in his favor. *See, e.g.*, *McIntyre v. Ramirez*, 109 S.W.3d 741, 748 (Tex. 2003); *Vu v. ExxonMobil Corp.*, 98 S.W.3d 318, 320–21 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

Black's reliance on *Zeifman v. Nowlin*, 322 S.W.3d 804 (Tex. App.—Austin 2010, no pet.), and *Kabbani v. Papadopolous*, No. 01-07-00191-CV, 2009 WL 469546 (Tex. App.—Houston [1st Dist.] Feb. 26, 2009, pet. denied) (mem. op.), for the proposition that the trial court properly struck Tanner's individual pleadings is misplaced. Both *Zeifman* and *Kabbani* were summary-judgment cases. *Zeifman*, 322 S.W.3d at 807; *Kabbani*, 2009 WL 469546, at *1. In both *Zeifman* and *Kabbani*, the amicus attorney offered summary-judgment evidence that conclusively proved that section 107.009 applied. *Zeifman*, 322 S.W.3d at 808; *Kabbani*, 2009 WL 469546, at *6. In *Zeifman*, the nonmovant failed to present evidence creating a question of fact about an exception to immunity. *Zeifman*, 322 S.W.3d at 808. In *Kabbani*, the nonmovant failed to produce summary-judgment evidence raising "a triable issue of fact on at least one element of the immunity defense." *Kabbani*, 2009 WL 469546, at *6.

Unlike *Zeifman* and *Kabbani*, no motion for summary judgment or other merits-based motion to dismiss was filed in this case. Tanner's petition alleges that Black acted in bad faith, which is an exception to immunity. But because Black did not file a motion for summary judgment, Tanner had no reason or procedural

opportunity to adduce evidence raising a question of fact about an exception to immunity.

The motion before the trial court was a motion to show authority, which made no allegations as to Tanner's attorney's authority to represent him individually. The record shows that Tanner's attorney appeared on his behalf and that Tanner authorized his attorney to file suit against Black. *See Angelina Cnty.*, 374 S.W.2d at 423; *Phillips*, 244 S.W.3d at 435. Any question about the merits of the causes of action Tanner pleaded was not properly before the court on this motion to show authority. *See Benavides*, 403 S.W.3d at 374. Although Black filed special exceptions that attacked the adequacy of Tanner's pleading in numerous respects, the appellate record contains no indication that the special exceptions ever were set for a hearing or that they were discussed at the oral hearing on the motion to show authority. Because no legal basis for striking Tanner's individual pleadings was presented to the trial court, we hold that the court erred by striking all of Tanner's pleadings rather than only the pleadings filed on behalf of his daughter. We sustain Tanner's first issue.

## II.     Attorney's fees as sanctions

In his second issue, Tanner argues that the trial court erred by awarding attorney's fees to Black as a sanction without finding that his suit was groundless and brought in bad faith or for the purpose of harassment.

We review a trial court's imposition of sanctions under an abuse of discretion standard of review. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014). Generally, courts presume pleadings are filed in good faith. *Id.* The party seeking sanctions must therefore overcome this presumption of good faith. *Id.*

Because Black's counterclaim for sanctions alleged that Tanner's suit was groundless and brought in bad faith or for the purpose of harassment, both Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the Texas Civil Practice and Remedies Code are applicable to this case. Rule 13 provides for sanctions for pleadings that are "groundless and brought in bad faith or groundless and brought for the purpose of harassment." TEX. R. CIV. P. 13; *see Nath*, 446 S.W.3d at 361. Chapter 10 authorizes sanctions for "pleadings filed with an improper purpose or that lack legal or factual support." *Nath*, 446 S.W.3d at 362; TEX. CIV. PRAC. & REM. CODE § 10.001. Both Rule 13 and Chapter 10 require that the sanctions order state a reason for the sanction. TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE § 10.005. Rule 13 requires that the sanction be based on "good cause, the particulars of which must be stated in the sanction order," TEX. R. CIV. P. 13, and Chapter 10 requires that the order describe the sanctionable conduct and "explain the basis for the sanction imposed." TEX. CIV. PRAC. & REM. CODE § 10.005. Failure to state the particulars of good cause in a Rule 13 sanction order is an abuse

of discretion. *Gomer v. Davis*, 419 S.W.3d 470, 478 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Robson v. Gilbreath*, 267 S.W.3d 401, 407 (Tex. App.—Austin 2008, pet. denied).

However, when the party against whom sanctions are imposed fails to object to the form of the sanctions order, he waives any objection to the lack of particularity in the order. *Gomer*, 419 S.W.3d at 478; *Robson*, 267 S.W.3d at 407. In that circumstance, we review the record for evidence of an implied finding that the claim was groundless and brought in bad faith or for the purpose of harassment. *See Gomer*, 419 S.W.3d at 478; *Robson*, 267 S.W.3d at 407. Similarly, sanctions imposed under Chapter 10 must be supported by evidence adduced at a hearing that supports a trial court's determinations "about the party's or the attorney's motives and credibility." *Gomer*, 419 S.W.3d at 480.

At the hearing on the motion to show authority, Black argued that her counterclaim for sanctions supported an award of attorney's fees. Her attorney testified about the amount and reasonableness of his fees. The order that awarded attorney's fees does not state on its face that it is a sanctions order. It grants the motion to show authority, strikes Tanner's pleadings, dismisses his case, and states that Black is "entitled to recover her reasonable and necessary attorney's fees and costs incurred as a result of her defense of this action." No particulars are recited about any sanctionable conduct, bad faith, harassment, or good cause. Tanner did

10

not object to the form of the order, nor did he challenge it in his motion for new trial. Therefore, to the extent that Tanner's appellate issue challenges the form of the sanctions order, it is waived. *See id.* at 478; *Robson*, 267 S.W.3d at 407.

However, Tanner argues that Black "failed to carry her burden of overcoming a 'presumption of good faith' as it relates" to his pleading. We construe this to be an argument about the evidentiary support for a trial court sanctions order. *See* TEX. R. APP. P. 38.1; *Perry v. Cohen*, 272 S.W.3d 585, 588 (Tex. 2008) (appellate briefs to be construed reasonably, yet liberally, and appellate courts should reach merits of appeal whenever reasonably possible). We agree that there is no evidentiary support in this record for a sanctions order under Rule 13 or Chapter 10. The record from the hearing on the motion to show authority includes no mention of sanctions and no testimony about conduct that could be sanctionable under Rule 13 or Chapter 10. Because there is no evidentiary support for a sanction in this record—and no other legal basis was advanced for awarding attorney's fees—we hold that the trial court erred by ordering Tanner to pay Black's attorney's fees. *See Worford*, 801 S.W.2d at 109. We sustain Tanner's second issue.

## Conclusion

We reverse the trial court's order striking Tanner's individual pleadings and ordering him to pay Black's attorney's fees. We remand this case to the trial court for further proceedings consistent with this opinion.


Michael Massengale
Justice

Panel consists of Justices Keyes, Bland, and Massengale.