**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00167-CV**
_____

**IN RE WILLIAM T. MORAN III**

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 17-12-15679-CV**

**OPINION**

In a petition for a writ of mandamus, William T. Moran III, Relator, contends that the 457th District Court abused its discretion (1) by failing and refusing to sign a written order containing the ruling made in open court on September 4, 2020, and (2) by ruling that an interlocutory partition judgment signed on November 6, 2018, was a final judgment that disposed of the case.[1] According to Relator, the mandamus

---

[1]The Respondent presides over the 457th District Court. Virtually all of the activity in Trial Cause Number 17-12-15679-CV occurred in proceedings conducted by judges in the 410th District Court prior to the administrative transfer of the case following the establishment of the 457th District Court on September 1, 2019. *See* Tex. Gov't Code Ann. § 24.601.

1

proceeding arises from a claim for wind-up of a partnership of a partial owner of the partitioned property, not from the action for partition. Relator argues he lacks an adequate remedy by appeal. As such, Relator claims that this lawsuit is not over as to the non-partition claims; however, we disagree as discussed below, and we therefore deny mandamus relief.

## *BACKGROUND*

On April 6, 2018, William T. Moran III, MRanch, Ltd., Kenneth M. Franke as Trustee of the KMF Management Trust, KMF Real Estate Equities I, LLC, and Paul C. Franke as Trustee of the Paul C. Franke Trust (collectively, the "Cross-claimants") joined a suit filed by Stephen T. Scott, Trustee of the James P. Poinsett Trust and Leroy M. Poinsett.[2] As described in the motion to retain filed by Cross-claimants in the 410th District Court, Trial Cause Number 17-12-15679-CV, this case began in December 2017 as a suit for partition of real property located in Montgomery County, Texas, and for wind-up of WTMI Properties I, Ltd, ("the Partnership"), a partnership that was a partial owner of the real property.

On July 10, 2018, the Cross-claimants filed a motion under Texas Rule of Civil Procedure 12 for counsel of record for the Partnership and WTMI Properties LLC (the "Law Firm") to show their authority to defend the suit and to disqualify

---

[2]Of the Cross-claimants, only Williams T. Moran III seeks mandamus relief from this Court. Other parties interested in the partition or the partnership wind-up participated in the lawsuit but are not mentioned by name in this Opinion.

counsel from representing multiple parties. Cross-claimants alleged no governing authority for the Partnership that had authority to hire or pay the Law Firm had existed since December 2017. They urged the 410th District Court to disqualify the Law Firm from representing one side against the other in a dispute among partners. They asked the trial court to order the Law Firm to disgorge all fees received from representing any party in the litigation. However, Cross-claimants never requested a hearing on their motion until December 2, 2019, after all the partition and non-partition claims had been disposed of by prior orders as discussed below.

On October 2, 2018, Defendants WTMI Properties I, Ltd.; WTMI Properties, LLC; Patrick J. Moran; BLF Real Estate, LLC; Circle M Holdings, LLC; Judith Lee Poinsett; JLP Willis Ranch, LLC; NAB Real Estate Holdings, LLC; William S. Poinsett; WSP Willis Ranch, LLC; Susan S. Fralick as Independent Executrix of the Estate of Mae Givens Shapley, Deceased; M. Klein Enterprises, LLC; MK Willis Ranch, LLC; Byrne Family, LLC; and TMB Willis Ranch, LLC filed a Joint Motion to Dismiss Non-Partition Claims. The 410th District Court orally granted the motion in open court on October 31, 2018. A year later the written order for said motion referenced: (1) the dismissal of all non-partition claims; (2) that the Cross-claimants' request for injunctive relief and the Cross-claimants' request for appointment of a receiver or a person to wind up the Partnership were not properly before the 410th

District Court due to a lack of jurisdiction; and (3) that the request for the appointment of a receiver or person was dismissed.

On November 6, 2018, the 410th District Court signed two partition judgments that ordered the tracts in dispute to be sold, appointed a receiver, and stated the share or interest of each of the joint owners. The trial court denied any other partition relief properly before the trial court at that stage of the partition action. None of the parties appealed these first two partition judgments.

The 410th District Court confirmed the sales of the real property by orders dated June 14, 2019, and July 5, 2019. On August 16, 2019, the 410th District Court signed an unopposed confirmation decree confirming the sale of the last of the real property. No appeal was taken from these final orders or the confirmation decree, which disposed of all the partition claims.

The 410th District Court finally signed the order granting the Joint Motion to Dismiss Non-Partition Claims on October 30, 2019. The order stated, in part:

> … the Court, after considering the Motion, any responses thereto, and the arguments of counsel, if any, finds that the Motion is well-taken and should be GRANTED. The Court finds that the Cross-Claimants' request for injunctive relief and requests for appointment of a receiver under section 11.403 or a 'person' to wind up WTMI Properties I, Ltd. under sections 11.054 and/or 152.702 of the Texas Business Organizations Code are not properly before this Court due to lack of jurisdiction. It is therefore
> ORDERED that Cross-Claimants' requests for appointment of a receiver or a person under 11.054, 11.403 and/or 152.702 of the Texas Business Organizations Code are hereby DISMISSED.

4

Therefore, this signed order disposed of all the non-partition claims, including those of the Cross-claimants.

Finally, in an order signed on November 22, 2019, the 410th District Court considered the partition receiver's application to terminate the receivership. With this order, the trial court terminated the partition receivership, discharged the receiver, and stated, "[t]he Court further finds that with the sale of all of the property there are no remaining issues in this case and that good cause appears for discharge of the Receiver and dismissal of this receivership." This was the last act of the 410th District Court to dispose of all parties, issues, and claims, whether by partition or non-partition.

Regardless of the above, Cross-claimants filed a written request for a hearing on their Rule 12 motion on December 2, 2019. They argued the motion had not been decided and was necessary when two factions in an organization are engaged in a judicial dispute over which has valid governing authority over the organization. However, the 410th District Court dismissed the non-partition wind-up litigation for want of jurisdiction by the written order signed on October 30, 2019, which the Cross-claimants failed to acknowledge at that time.

On January 21, 2020, the Cross-claimants filed an amended motion for reconsideration of the October 30, 2019 dismissal order and requested leave to file an amended pleading and application for injunctive relief. In the motion, Cross-

5

claimants acknowledged for the first time that the October 30, 2019 order disposed of their action to appoint a person to wind-up the Partnership, but argued the trial court should reconsider its earlier order. However, this motion was filed more than thirty days after the last order entered by the 410th District court on November 22, 2019.

On July 17, 2020, the 410th District Court issued a notice that the case had not been disposed of within the time standards applicable to the case. On August 4, 2020, the case was administratively transferred to the docket of the newly created 457th District Court where the respondent, Judge Vincent Santini, presides. In response to the July 17, 2020 notice that the case had not been disposed of within the time standards applicable to the case, on August 31, 2020, the Cross-claimants filed a motion to retain the case. They claimed they had been diligent in pursuing a trial since the Poinsetts filed suit on December 1, 2017, by voluntarily appearing and adopting the Poinsetts' claims on April 6, 2018, pursuing discovery and injunctive relief, challenging counsel's authority to represent opposing parties, and obtaining the parties' agreement to a receivership within seven months of their initial appearance. They claimed that they acted diligently by appearing for a status conference on October 31, 2019; filing a motion for a hearing on December 2, 2019; moving for reconsideration of the trial court's dismissal orders on December 31, 2019, and January 21, 2020; and making a telephone request for a hearing on August

7, 2020. The 457th District Court held a hearing on September 4, 2020.[3] In the hearing, the respondent judge indicated he believed there were no live issues to litigate, but he did not sign an order on that date.[4]

The Cross-claimants filed a request for a ruling on their motion to retain on September 22, 2020, followed by an objection to the court's refusal to rule on the motion to retain on October 5, 2020, a motion for rulings on their motion to show authority and to disqualify attorneys, and a motion to reconsider the October 30, 2019 dismissal order on October 7, 2020. On October 19, 2020, they filed an objection to the trial court's refusal to rule on their pending motions.

Relator filed the mandamus petition supported by a reporter's record of the September 4, 2020 hearing. *See* Tex. R. App. P. 52.3, 52.7. The Real Parties in Interest filed a response to the mandamus petition.[5] Relator filed a reply.

---

[3]It appears this was the first hearing in the case presided over by the Respondent. Other judges in the 410th District Court presided over all the earlier proceedings.

[4]This Court dismissed an attempted appeal by William T. Moran III because the trial court did not sign an appealable order in connection with the September 4, 2020 hearing. *See Moran v. Scott*, No. 09-20-00229-CV, 2021 WL 1682085, at *2 (Tex. App.—Beaumont Mar. 18, 2021, no pet.) (mem. op.).

[5]The Real Parties in Interest that filed a response or joined the response filed by other Real Parties include Moran Wind-Up GP, LLC, BLF Real Estate, LLC, Byrne Family, LLC, Circle M Holdings, LLC, JLP Willis Ranch, LLC, JP Morgan Chase Bank, Trustee of the Margaret Ann Dell'Osso Trust, Judith Lee Poinsett, NAB Real Estate Holdings, LLC, MRM Land, Ltd., William S. Poinsett, TMB Willis Ranch, LLC, WSP Willis Ranch, LLC, J.P. Morgan Chase Bank and Patrick J. Moran, Trustees of the Moran Employees Trust, Susan Fralick, Executrix of the Estate of Mae Shapley, M. Klein Enterprises, LLC, and MK Willis Ranch, LLC,

Relator contends the 457th District Court clearly abused its discretion by refusing to sign a written order on Cross-claimants' motion to retain the case on the trial court's docket. He argues the trial court's misapplication of the law concerning the finality of judgments prevents him from obtaining appellate review of the trial court's decision. Relator argues pending motions that have not been determined by the trial court include the motion to retain the case on the docket, the motions for reconsideration of the October 30, 2019 dismissal order, and his Rule 12 motion to disqualify the Law Firm. The Real Parties in Interest argue the trial court correctly determined it had lost plenary power over the case.

### *ANALYSIS*

"A partition case, unlike other proceedings, has two final judgments and the first one is appealable as a final judgment." *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex. 1980). If the trial court approves the sale in the second step of a partition suit, the court issues an order either approving the receiver's report and giving the parties "this second order is a separate and distinct, yet final judgment." *Estate Land Co. v. Wiese*, 546 S.W.3d 322, 326 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

---

Moran Ranch, LLC, PM Willis Ranch, LLC, and Patrick J. Moran, individually and as Trustee of the Patrick J. Moran Trust, Bruce Franke, Robert Mullins, Stephen T. Scott, Trustee of the James P. Poinsett Trust, and Leroy M. Poinsett.

To be final, a judgment must dispose of all issues and parties in a case. *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). "When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, . . . it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties." *Id.* at 897-98. "A judgment following a conventional trial on the merits need not dispose of every party and claim for the *Aldridge* presumption of finality to apply." *Vaughn v. Drennon*, 324 S.W.3d 560, 561 (Tex. 2010). A statement in the judgment that all relief not expressly granted is denied establishes the finality of the judgment following a conventional trial on the merits. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 199-200 (Tex. 2001).

No presumption of finality arises when a judgment is signed without a traditional trial on the merits. *Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009). To determine whether such an order is final, we examine the express language of the order and whether the order actually disposes of all claims against all parties. *Id.* "A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language." *Lehmann*, 39 S.W.3d at 200. "Thus, if a court has dismissed all of the claims in a case but one, an order determining the last claim is final." *Id.*

9

A judgment is final either if "it actually disposes of every pending claim and party" or "it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205. A judgment that clearly and unequivocally states that it is final is a final judgment even if the inclusion of the language in the judgment was inadvertent. *In re Daredia*, 317 S.W.3d 247, 249 (Tex. 2010) (orig. proceeding). "[A] trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020). But when unmistakable language of finality is missing, the record resolves the issue. *Id*.

Even after a nonsuit, a trial court retains jurisdiction to address collateral matters, such as a motion for sanctions, while it retains plenary power over the case. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010). After a trial court signs a final judgment, the trial court may rule on an unresolved motion for sanctions while it retains its plenary power over the case. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 96 (Tex. 2009). The power of a trial court to impose sanctions pertaining to matters occurring before judgment, like its power to decide any other motion during its plenary jurisdiction, is limited to when it retains plenary jurisdiction. *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996).

The trial court retains plenary power over a case for thirty days after judgment and that power will be extended to seventy-five days if any party timely files a post-

judgment motion. *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998). After a timely-filed post-judgment motion has been overruled, the trial court's plenary power extends for another thirty days. *Id.* After the trial court's plenary power expires, it can no longer issue orders in the case. *Daredia*, 317 S.W.3d at 250. A trial court clearly abuses its discretion by setting aside a judgment after its plenary power expires. *Id.* Unlike a trial court's plenary power to render a judgment, which in a civil case generally expires thirty days after the trial court signs the judgment or the last timely filed motion for rehearing is overruled expressly or by operation of law, a trial court's inherent power to enforce its judgment can last until the judgment is satisfied. *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018).

According to Relator, the case involved "partition claims" and "non-partition claims." As discussed above, the 410th District Court signed a series of orders that ordered partition, confirmed the sale, and discharged the receiver. Relator presents no argument to suggest any matters relating to the partition of the real property remain for disposition. His argument that the 457th District Court misapplied the law concerning the finality of judgments focuses exclusively on what he refers to as "non-partition claims." However, the 410th District Court's October 30, 2019 order granting the motion to dismiss non-partition claims expressly disposed of the Cross-claimants' requests for injunctive relief and appointment of a receiver to wind-up

11

the Partnership, which included Cross-claimants' "non-partition claims." Instead, Relator argues that the October 30, 2019 order was not a final order, because it failed to address Cross-claimants' motion to disqualify the Law Firm that appeared for the Partnership in the case and to require the Law Firm to disgorge the fees it obtained by reason of that representation. But a trial court retains jurisdiction to rule on a motion seeking to impose sanctions against a non-party such as the Law Firm only while it retains its plenary jurisdiction over the case. *See Schexnider*, 940 S.W.2d at 596.

A party may file a sworn motion questioning an attorney's authority to act in a case. *See* Tex. R. Civ. P. 12. The motion may be heard and determined at any time before the parties announce ready for trial. *Id.* A trial court's ruling on a motion to show authority is simply a pretrial determination of an attorney's authority to represent a party, not a decision on the merits or determination of ultimate questions of fact. *Tanner v. Black*, 464 S.W.3d 23, 26 (Tex. App.—Houston [1st Dist.] 2015, no pet.). The Rule 12 motion was not a "claim" brought by one group of parties against another party. As such, neither the 410th District Court's nor the 457th District Court's failure to expressly rule on the motion prevented the rules affecting either trial court's plenary power over the case from operating when the 410th District Court signed the order that disposed of the final claims and parties before the trial court. *See* Tex. R. Civ. P. 306a, 329b.

Again, the 410th District Court confirmed the sales of the real property by orders dated June 14, 2019, and July 5, 2019. On August 16, 2019, the 410th District Court signed an unopposed confirmation decree confirming the sale of the last of the real property. No appeal was taken from the orders or the confirmation decree, which finally disposed of all the partition claims. Next, the 410th District Court finally signed the order granting the Joint Motion to Dismiss Non-Partition Claims on October 30, 2019. The order stated, in part:

> … the Court, after considering the Motion, any responses thereto, and the arguments of counsel, if any, finds that the Motion is well-taken and should be GRANTED. The Court finds that the Cross-Claimants' request for injunctive relief and requests for appointment of a receiver under section 11.403 or a 'person' to wind up WTMI Properties I, Ltd. under sections 11.054 and/or 152.702 of the Texas Business Organizations Code are not properly before this Court due to lack of jurisdiction. It is therefore
>        ORDERED that Cross-Claimants' requests for appointment of a receiver or a person under 11.054, 11.403 and/or 152.702 of the Texas Business Organizations Code are hereby DISMISSED.

This signed order finally disposed of all the non-partition claims, including those of the Cross-claimants. Finally, the 410th District Court signed an order discharging the receiver while it retained plenary power. The November 22, 2019 order, which stated "[t]he Court further finds that with the sale of all of the property there are no remaining issues in this case and that good cause appears for discharge of the Receiver and dismissal of this receivership[,]" included language that expressed in unmistakable language the trial court's determination that the order was a final

13

disposition of all claims and parties. Therefore, this was the last act of the 410th District Court to dispose of all parties, issues, and claims, whether by partition or non-partition. *See Lehmann*, 39 S.W.3d at 205.

Regardless of the above, Cross-claimants filed a written request for a hearing on their Rule 12 motion on December 2, 2019. However, at the very latest, the 410th District Court's receiver discharge order of November 22, 2019, ended this case, so the Cross-claimants' motion filed on December 2, 2019, functioned as a motion for new trial, which was overruled by operation of law on February 5, 2020, 75 days after the discharge order. Next, on January 21, 2020, the Cross-claimants filed an amended motion for reconsideration of the October 30, 2019 dismissal order and requested leave to file an amended pleading and application for injunctive relief. However, this amended motion was untimely and had no effect. Accordingly, in the September 4, 2020 hearing, the 457th District Court correctly observed it lacked plenary power to render a judgment in the case.

Relator contends the 457th District Court abused its discretion by failing to reduce to writing the oral ruling of September 4, 2020. Generally, a trial court's authority to issue orders ends with the expiration of its plenary jurisdiction. *See Dickason*, 987 S.W.2d at 571. A trial court can take limited actions, including correcting a clerical error in the judgment or supervising post-judgment discovery in aid of the enforcement of the judgment, but it cannot "issue an order that is

inconsistent with the original judgment or that otherwise constitutes a material change in the substantive adjudicative portions of the judgment after its plenary power has expired." *Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 838-39 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (cleaned up).

The 457th District Court does, however, have jurisdiction to determine whether it has jurisdiction. *V.I.P. Royal Palace, LLC v. Hobby Event Center LLC*, No. 01-18-00621-CV, 2020 WL 3579563, at *2 (Tex. App.—Houston [1st Dist.] July 2, 2020, no pet.) (mem. op.). Therefore, the 457th District Court retained the power to consider Cross-claimants' arguments that the case had not been finally disposed. Because the 457th District Court had the authority to consider the argument, it follows that the trial court could have reduced its rejection of those arguments to writing; however, the order would not have been an appealable order. *See Shadowbrook Apartments v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990) (stating an order denying a motion for judgment nunc pro tunc is not an appealable order).

We may grant mandamus relief to correct a trial court's abuse of discretion when an appeal is an inadequate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). However, as discussed above, the 457th District Court did not abuse its discretion by failing and refusing to sign a written order containing the ruling made in open court on September 4, 2020, since

15

the 457th District Court correctly determined it had lost plenary power over the case. The 457th District Court may have mis-spoken in stating that an interlocutory partition judgment signed on November 6, 2018 (when there were actually two dated the same date), was a final judgment that disposed of the case in its entirety, both partition and non-partition claims; however, as discussed above, by the orders of: November 6, 2018 (two); June 14, 2019; July 5, 2019; August 16, 2019; October 30, 2019; and November 22, 2019; the 410th District Court disposed of all parties, issues, and claims, whether by partition or non-partition. Therefore, Relator has not shown that he is entitled to the relief sought in his petition. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on July 2, 2021
Opinion Delivered October 14, 2021

Before Golemon, C.J., Kreger and Horton, JJ.