**REVERSE and REMAND and Opinion Filed November 16, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00250-CV**

**MEDHANEALEM ERITREAN ORTHODOX TEWAHEDO CHURCH BY AND THROUGH ITS BOARD OF TRUSTEES, Appellant**
**V.**
**MUSISE DAWIT NEGUSSE (AKA NGUSSE), SOLOMON MEBRAHTU GEBRETNSAI, MUSSIE WOLDERUFAEL, AND FISUM TESFAI TEDLA, Appellees**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-17116**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Garcia

The Medhanealem Eritrean Orthodox Tewahedo church ("the Church") appeals the trial court's order granting appellees' Musise Dawit Negusse, Solomon Mebrahtu Gebretnsai, Mussie Wolderufael, and Fisum Tesfai Tedla (the "Congregants") Rule 12 motion with prejudice. We conclude the trial court abused its discretion by granting the motion with prejudice, reverse the order, and remand the case for further proceedings.

# I. Background

This dispute involves two opposing factions in the Church. According to the Church, the dispute began when the Congregants challenged the authority of the Church's Board of Trustees to fire two of the Congregants who were serving as priests.

The Church claims that after these two priests were locked out of the Church, the Congregants broke into the Church and removed various items including artifacts, books, records, and computers. The Church sued the Congregants for declaratory relief concerning the Board's actions and the Congregants' authority to call a special meeting to elect a new Board and sought damages for civil theft and conversion.

The Congregants answered and filed a sworn Rule 12 motion to show authority, claiming that the case was filed by a rogue group of excommunicated Board members. According to the Congregants, they are the legitimate members of the Board and do not consent to suit on behalf of the Church. The motion was supported by Church articles of incorporation and bylaws, the declaration of a Bishop describing the excommunication of certain members and the subsequent statement issued by the Diocese denouncing the excommunicated members and declaring that they had no authority over the Church. The affidavit further described the election of a new Board of Trustees.

The Church filed a verified response to the motion. The affidavit in support denied that any members had been excommunicated and were not in good religious standing and stated that the priests had been removed by the Board in accordance with its authority to do so under the Church's bylaws. It further described the Congregants' allegedly wrongful efforts to instill a new Board and wrongful removal of Church property.

The court conducted a hearing, granted the Rule 12 motion, and dismissed the case with prejudice. The Church now appeals from that order.

## I. Analysis

The Church argues the trial court's order is erroneous because its attorneys showed sufficient authority to represent the Church and the trial court's ruling involved an ecclesiastical dispute not appropriately resolved in the courts. The Congregants respond that the trial court did not err because the Church failed to establish that its attorneys were acting under the authority of the legitimate Board of Trustees.

A party to a lawsuit who believes that the suit is being prosecuted or defended without authority may file a sworn motion questioning the attorney's authority to act. TEX. R. CIV. P. 12; *see In re Murrin Bros.* 1885, Ltd., 603 S.W.3d 53, 61 (Tex. 2019) (addressing Rule 12 dispute). "Rule 12 has long been the exclusive method for questioning the authority of an attorney to bring a suit." *Tanner v. Black*, 464 S.W.3d 23, 26 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (quoting *Phillips v.*

*Phillips*, 244 S.W.3d 433, 435 (Tex. App.—Houston [1st Dist.] 2007, no pet.)); *see also Angelina Cnty. v. McFarland*, 374 S.W.2d 417, 423 (Tex. 1964)). Originally, the primary purpose of Rule 12 was to protect defendants by enabling them to determine who had authorized the suit. *Angelina Cnty.*, 374 S.W.2d at 423; *Tanner*, 464 S.W.3d at 26. "A trial court's ruling on a motion to show authority is not a decision on the merits or determination of ultimate questions of fact." *Tanner*, 464 S.W.3d at 26 (citing *In re Guardianship of Benavides*, 403 S.W.3d 370, 374 (Tex. App.—San Antonio 2013, pet. denied)); *West Prado v. Leal*, No. 09-19-00154-CV, 2020 WL 6164309, at *4 (Tex. App.—Beaumont Mar. 30, 2020, no pet.). "It is simply a pretrial determination of an attorney's authority to represent a party." *Tanner*, 464 S.W.3d at 26.

We review a trial court's ruling on a motion to show authority for an abuse of discretion. *Tanner*, 464 S.W.3d at 26; *see Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 432 (Tex. 1986); *see also Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (holding that trial court abuses its discretion by acting without reference to guiding rules and principles). When a party has filed a motion to show authority, the challenged attorney bears the burden of proof "to show sufficient authority to prosecute or defend the suit on behalf of the other party." Tex. R. Civ. P. 12. If the challenged attorney fails to show authority to act, "the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is

–4–

authorized to prosecute or defend appears." *Id*.; *see also In re Salazar*, 315 S.W.3d 279, 283 (Tex. App.—Fort Worth 2010, orig. proceeding).

Here, we need not determine whether the trial court erroneously considered ecclesiastical matters or properly concluded the Church did not adequately demonstrate authority. *See* TEX. R. APP. P. 47.1. Either way, the order is erroneous because it dismisses the case with prejudice.

Dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex.1999). A Rule 12 determination, however, is not merits based. *See Tanner*, 464 S.W.3d at 26. Consequently, if a trial court concludes that an attorney fails to show authority under Rule 12, the proper remedy is not dismissal with prejudice. *Pecos Cnty. Appraisal Dist. v. Iraan-Sheffield Indep. Sch. Dist.*, 672 S.W.3d 401, 415 (Tex. 2023). Rather, the Rule specifies that the remedy is to "refuse to permit the attorney to appear in the case . . . and strike the pleadings if no person who is authorized to prosecute or defend appears." *Id*. Therefore, regardless of the court's rationale for ruling that the Church failed to show authority, it abused its discretion by dismissing the case with prejudice.[1]

---

[1] We reject the Congregants' argument that the Church waived its challenge to the "with prejudice" aspect of the order. The argument concerning dismissal with prejudice is a component of the issue arguing the trial court abused its discretion by entering the order.

We reverse the trial court's order and remand for further proceedings consistent with this opinion.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

230250F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MEDHANEALEM ERITREAN
ORTHODOX TEWAHEDO
CHURCH BY AND THROUGH ITS
BOARD OF TRUSTEES, Appellant

No. 05-23-00250-CV          V.

MUSISE DAWIT NEGUSSE (AKA
NGUSSE), SOLOMON
MEBRAHTU GEBRETNSAI,
MUSSIE WOLDERUFAEL, AND
FISUM TESFAI TEDLA, Appellees

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-17116.
Opinion delivered by Justice Garcia.
Justices Partida-Kipness and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the trial court's order is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant MEDHANEALEM ERITREAN ORTHODOX TEWAHEDO CHURCH BY AND THROUGH ITS BOARD OF TRUSTEES recover its costs of this appeal from appellees MUSISE DAWIT NEGUSSE (AKA NGUSSE), SOLOMON MEBRAHTU GEBRETNSAI, MUSSIE WOLDERUFAEL, AND FISUM TESFAI TEDLA.

Judgment entered this 16th day of November 2023.