

# NUMBER 13-25-00030-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**COASTLINE PROPERTIES, INC.,**                                    **Appellant,**

**v.**

**LAS HACIENDAS TOWNHOMES
ASSOCIATION, INC. AND
GARY GRAHAM,**                                                     **Appellees.**

---

## ON APPEAL FROM THE 319TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

---

# OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca
Opinion by Justice Fonseca**

This appeal concerns the trial court's denial of a motion to show authority under

Texas Rule of Civil Procedure 12. By a single issue, appellant Coastline Properties, Inc.

(Coastline) argues the trial court erred "because the undisputed evidence is that [appellee

Las Haciendas Townhomes Association, Inc. (LHTA)] did not have a duly elected board

of directors or officers beginning in 2010 . . . and thus could not have contracted with any lawyer to represent it." We affirm.

## I. BACKGROUND

Coastline owns four units at the Las Haciendas residential development in Corpus Christi. In 2023, Coastline filed suit alleging that LHTA "wrongfully claimed from [Coastline] homeowner association dues retroactive to 2009 in the amount of $230,128.00 that [Coastline] does not owe" and that "[t]his claim of delinquent dues has created a cloud on [Coastline]'s title to its real property." LHTA answered the suit and filed a counterclaim against Coastline for breach of contract, seeking to recover the "past due assessments" at issue. In an amended petition, Coastline alleged that LHTA had "no lawful authority" to assess fees against it because (1) "[t]here has not been a duly elected Board of Directors or officers of the corporation . . . for at least the past 10 years" and (2) "[i]n February 2016 [appellees] entered into a contract a term of which was that [Coastline] would not be charged any HOA dues." The amended petition also named appellee Gary Graham as a defendant.

Prior to trial, Coastline filed a "Motion for Attorney to Show Authority (TRCP 12)" arguing that, "[a]s of March 6, 2010[, LHTA] did not have any duly elected board members or officers" and "[s]ince that time [LHTA] has not complied with Texas Property Code [§] 209.014 which is the only lawful way to revive a board of directors." The motion was verified by Coastline's attorney and requested an order (1) commanding LHTA's three attorneys to show their authority to represent LHTA, (2) "dismissing them as counsel," and (3) "striking all pleadings they have filed in this matter." Following a hearing, the trial court orally denied the motion.

2

A bench trial took place, after which the trial court found in favor of Coastline. On October 28, 2024, it signed a final judgment stating in relevant part:

> It is Ordered, Adjudged, Decreed and Declared that [Coastline] does not owe, nor is it delinquent for any [LHTA]'s claim for assessments and/or fees beginning when [LHTA] was created in 2001, and so therefore the court denies [LHTA]'s claim for $230,128.00.

> It is Ordered, Adjudged, Decreed that any attempted or claimed lien on [Coastline]'s building sites/lots based on [LHTA]'s claim for assessments and fees beginning in 2001 to date is declared void and of no effect.

The final judgment awarded Coastline $10,000 in trial attorney's fees and up to $60,000 in conditional appellate attorney's fees. It also provided that Coastline take nothing by way of its claims against Graham.

Pursuant to Coastline's request, the trial court signed findings of fact and conclusions of law, which included the following: "During a meeting of owners on March 6, 2010[, LHTA] admitted that it did not have any Board of Directors members."[1] This appeal followed.

## II.    DISCUSSION

Rule 12 states in relevant part:

> A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act. . . . At the hearing on the motion, the burden of proof shall be upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party. Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears.

---

[1] Coastline filed proposed findings and conclusions, and the trial court signed them after crossing out several of the items. In one instance, it is unclear whether the trial court intended to cross out a particular proposed finding. The trial court also added certain handwritten conclusions regarding attorney's fees, but the handwriting is largely illegible. No party moved for clarification.

TEX. R. CIV. P. 12. Ordinarily, we review a ruling on a Rule 12 motion for abuse of discretion. *Tanner v. Black*, 464 S.W.3d 23, 26 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *R.H. v. Smith*, 339 S.W.3d 756, 762 (Tex. App.—Dallas 2011, no pet.).

Coastline argues that "[b]ecause [LHTA] admittedly did not have a duly elected Board of Directors or officers beginning in 2010 through the date of trial in 2024 for a multitude of reasons, it could not have contracted with any lawyer to represent it." Thus, it contends that the trial court erred by denying its Rule 12 motion and "in not entering a default judgment." In response, LHTA argues that the trial court did not err because Coastline's motion failed to comply with the rule in that it was not sworn to by the "party" (i.e., Coastline) but rather only by its attorney. *See* TEX. R. CIV. P. 12. LHTA further contends that it produced "satisfactory evidence" at the Rule 12 hearing to establish its attorneys' authority.

We need not address the merits of Coastline's issue because Coastline has not demonstrated it suffered any harm from the challenged ruling. It is fundamental that, in a civil case,

> [n]o judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of:
>
> (1)     probably caused the rendition of an improper judgment; or
>
> (2)     probably prevented the appellant from properly presenting the case to the court of appeals.

TEX. R. APP. P. 44.1(a). The only mention of harm in Coastline's brief is as follows:

> The harm caused by the trial court's failure to enforce [Texas Property Code [§] 209.014], other than Coastline's right to a default judgment by law, was demonstrated to the court during a post-trial hearing when it was brought to the court's attention that [LHTA] was re-asserting new fee claims against Coastline without a board of directors in place . . . which has spawned yet another lawsuit.

4

. . . .

> The trial court's failure to recognize the fact that [LHTA] does not have a duly elected board of directors or officers has directly failed to satisfy [the objectives of the Uniform Declaratory Judgments Act,] has caused a new lawsuit[,] and will probably birth more litigation.

Coastline does not explain why it believes the trial court's granting of the Rule 12 motion was necessary (or sufficient) to preclude Coastline from "re-asserting new fee claims" against it, given the fact that the trial court already declared that Coastline owes no fees for the relevant time period. Moreover, as LHTA notes in its brief, default judgment is not an automatic result of the granting of a Rule 12 motion. Instead, the court is directed to strike pleadings filed by unauthorized counsel only "if no person who is authorized to prosecute or defend appears." TEX. R. CIV. P. 12. Most importantly, even assuming that granting the motion would have eventually resulted in a default judgment, Coastline does not explain how or why such a judgment would have been more favorable to it than the judgment actually rendered in this case, which granted all relief it requested at trial.[2] *See* TEX. R. APP. P. 38.1(i), 44.1(a).

Under these circumstances, we cannot conclude that the trial court's ruling probably caused the rendition of an improper judgment or probably prevented Coastline from properly presenting the appeal; accordingly, even if the ruling was erroneous, the error would not be reversible. *See* TEX. R. APP. P. 44.1(a). Coastline's issue is overruled for that reason.

---

[2] As noted, the final judgment provided that Coastline take nothing by way of its claims against Graham. However, Coastline's Rule 12 motion only contested the attorneys' authority to represent LHTA; there was no dispute that they had authority to represent Graham. Accordingly, granting the motion could not have resulted in default judgment against Graham.

5

### III.　Conclusion

We affirm the trial court's judgment.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
20th day of November, 2025.