**Affirmed and Opinion Filed August 31, 2022**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00067-CV

## DEMONDRIA JEFFERSON, Appellant[1]
## V.
## GEICO COUNTY MUTUAL INSURANCE CO.[2], Appellee

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-00628-E**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Partida-Kipness

This is the second appeal from a lawsuit related to a 2015 motor vehicle accident. On remand from the first appeal,[3] the trial court determined the only remaining parties to the proceeding were appellant Demondria Jefferson (Jefferson) and appellee GEICO County Mutual Insurance Company (Geico). The trial court

---

[1] Appellant's notice of appeal states she and Demetra Wysinger appeal the trial court's judgment. Wysinger, however, was not a party to the final judgment. We, therefore, do not include her in the style of the case.

[2] The trial court's judgment refers to appellee as "Defendant GEICO County Mutual Insurance Company[]" and states defendant is "incorrectly named herein as "GEICO Insurance." On appeal, both parties refer to appellee as GEICO County Mutual Insurance Company. We, therefore, do the same.

[3] *Jefferson v. Geico Cnty. Mut. Ins. Co.*, No. 05-17-01033-CV, 2018 WL 6333246, at *1 (Tex. App.—Dallas Nov. 29, 2018, no pet.) (mem. op.) (the first appeal).

granted a final summary judgment for Geico. In sixteen issues, Jefferson appeals the trial court's October 18, 2019, judgment. Finding no error, we overrule Jefferson's appellate issues and affirm the trial court's judgment.

## PROCEDURAL HISTORY

The underlying lawsuit arose from a 2015 motor vehicle accident in which the vehicle driven by Jefferson was struck by a second vehicle owned by Cliff Porch. The original petition listed Jefferson, Tyswayla Mitchell, Prince Louis Wysinger, and two minor children, K.B. and T.B., as pro se plaintiffs.[4] Mitchell was a passenger in Jefferson's vehicle at the time of the accident. Porch's vehicle was allegedly driven by Robbi Porch. Plaintiffs pleaded Porch negligently entrusted his vehicle to Robbi. Plaintiffs also asserted claims against Porch's insurer, Farmers Insurance, Jefferson's insurer, Geico, third party defendant Ron Montgomery Motor Company, and plaintiffs' former counsel. Plaintiffs non-suited their claims against their former counsel. The trial court granted summary judgment for the remaining defendants. Jefferson and Mitchell appealed the take-nothing summary judgments dismissing their claims against Farmers and Geico. *Jefferson*, 2018 WL 6333246, at *1 (the first appeal).

In the first appeal, this Court affirmed Farmers' summary judgment in its entirety, and affirmed Geico's summary judgment as to Mitchell and as to

---

[4] Demetra Wysinger signed plaintiffs' pleadings before the first appeal as the plaintiffs' "P.O.A." She contended in those pleadings that she acted on behalf of the plaintiffs under a purported power of attorney.

–2–

Jefferson's negligence claims against Geico. *Id.* We reversed Geico's summary judgment on Jefferson's cause of action for unfair claim settlement practice, and remanded "that cause of action for further proceedings." *Id.* Our mandate issued on March 18, 2019, and the case was remanded to the trial court.

## REMAND PROCEEDINGS

On June 14, 2019, Geico filed special exceptions and an amended answer to Jefferson's previously filed third amended petition. On July 15, 2019, Jefferson filed two multifarious motions, which were each signed by Jefferson and Wysinger as pro se litigants. In one motion, Jefferson objected to and moved to strike Geico's special exceptions and amended answer. In the other motion, she moved for default judgment against Geico, and asked the trial court to reopen and reconsider Jefferson's 2017 motion for summary judgment and the trial court's 2017 summary judgment orders. In the motion for default judgment, Jefferson alleged for the first time that Wysinger was part owner of the vehicle involved in the accident and was, therefore, a plaintiff and "interested party" to the lawsuit. At all times prior to this, however, Wysinger presented herself to the trial court solely as a representative acting on behalf of the plaintiffs in the litigation. Geico responded to the July 15, 2019, motions. The trial court denied those motions by written order on September 13, 2019.

Geico filed a traditional and no evidence motion for summary judgment on August 27, 2019. Prior to the summary judgment hearing, Jefferson filed a motion

to recuse Judge Mark Greenberg, and a motion to show authority challenging the right of Geico's counsel, Gregory R. Ave, to appear as counsel for Geico. Judge Greenberg declined to recuse and referred the matter to Judge Ray Wheless, presiding judge of the First Administrative Region. Judge Wheless denied the motion to recuse. The trial court denied the motion to show authority by written order dated October 18, 2019. The trial court also signed a final judgment on October 18, 2019, in which it granted Geico's no evidence and traditional motion for summary judgment "in all respects" and rendered a take nothing judgment against Jefferson as to her claims against Geico. Jefferson timely filed a motion for reconsideration, motion for new trial, and request for findings of fact and conclusions of law (the post judgment motions). The post judgment motions were overruled by operation of law, and the trial court did not issue findings of fact or conclusions of law. This appeal followed.

## ANALYSIS

In her "Issues Presented for Review," Jefferson lists sixteen, separately numbered issues. Many of those numbered paragraphs reference multiple complaints, some of which are repeated within other issues as well. We have combined these issues into the following categories: (1) the scope of the parties and issues in the remand proceeding, (2) appeal of orders and rulings issued before the first appeal, (3) allegations the judgment is defective, (4) review of the summary judgment order, (5) review of the denial of the motion to show authority, (6) review

of the trial court's refusal to issue findings of fact and conclusions of law, (7) review of the denial of Jefferson's motion to recuse, and (8) remaining issues not subject to appeal.

## I.      Scope of parties and issues on remand

As a preliminary matter, we address what parties and issues were properly before the trial court on remand and, as a result, are properly before this Court on appeal. Jefferson contends she, Demetra Wysinger, Prince Louis Wysinger, Tyswayla Wysinger, and two minor children[5] are appellants in this proceeding. We disagree.

In the first appeal, this Court notified the parties' counsel that the Court had questions concerning which purported appellants were properly before the Court on appeal. In a letter to counsel, the Court further explained its review of the record and briefs indicated Jefferson and Mitchell were the only parties properly before the Court as appellants. The Court directed appellants' counsel to file a letter brief identifying any individual, other than Jefferson and Mitchell, who the parties contended was a proper appellant in the proceeding. We cautioned counsel that failure to timely comply would result in the appeal proceeding with Jefferson and Mitchell as the sole appellants. Neither appellants nor their counsel responded to the Court's request. In its November 29, 2018, opinion, this Court proceeded with

---

[5] We refer to Demetra Wysinger, Prince Louis Wysinger, Tyswayla Wysinger, and the two minor children collectively as the Wysinger parties.

Jefferson and Mitchell as the sole parties appealing the 2017 take-nothing judgments dismissing their claims against Geico and Farmers. *Jefferson*, 2018 WL 6333246, at *1.

This Court addressed the following issues in the first appeal: the trial court's orders granting Geico and Farmers' 2017 summary judgments, the trial court's denial of Jefferson and Mitchell's motion for continuance, and the trial court's refusal to set Jefferson and Mitchell's motion for summary judgment against Geico for hearing. *Jefferson*, 2018 WL 6333246, at *1. We affirmed Farmers' summary judgment in its entirety, affirmed Geico's summary judgment as to Mitchell, affirmed Geico's summary judgment as to Jefferson's negligence claims against Geico, and overruled the challenges to the denial of the motion for continuance and refusal to set the summary judgment motion for hearing. *Id.* at **1, 2–3, 4–5. However, we reversed Geico's summary judgment on Jefferson's cause of action for unfair claim settlement practice, and remanded "that cause of action for further proceedings." *Id.* at **1, 5. Neither Jefferson, Mitchell, nor the Wysinger parties moved for rehearing or reconsideration en banc of the Court's opinion. Similarly, no party filed a petition for review in the Texas Supreme Court. This Court issued its mandate on March 18, 2019, and remanded the case back to the trial court.

The mandate is the appellate court's directive commanding the lower court to comply with the appellate court's judgment. *Bramlett v. Phillips*, 359 S.W.3d 304, 310 (Tex. App.—Amarillo 2012), *aff'd*, 407 S.W.3d 229 (Tex. 2013). When an

appellate court remands a case and limits a subsequent trial to a particular issue, the trial court's authority is limited to trying only those issues specified in the appellate court mandate. *Patriot Homes, Inc. v. Lopez*, No. 04-06-00407-CV, 2007 WL 56708, at \*1 (Tex. App.—San Antonio Jan. 10, 2007, no pet.) (mem. op.) (first citing *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986); and then citing *Kahn v. Seely*, 37 S.W.3d 86, 88 (Tex. App.—San Antonio 2000, no pet.)). The scope of an appellate court's mandate is determined with reference to both the appellate court's opinion and the mandate itself. *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.) (citing *Truck Ins. Exchange v. Robertson*, 89 S.W.3d 261, 263 (Tex. App.—Fort Worth 2002, no pet.)).

In the first appeal, the opinion states the only ruling being reversed and remanded was the trial court's "judgment in favor of Geico on Jefferson's cause of action for unfair claim settlement practices." *Jefferson*, 2018 WL 6333246, at \*5. The mandate from the first appeal states this Court affirmed Farmers' summary judgment in its entirety, affirmed Geico's summary judgment as to Mitchell, affirmed Geico's summary judgment as to Jefferson's negligence claims against Geico, reversed the summary judgment in favor of Geico on Jefferson's cause of action for unfair settlement practice, and remanded for further proceedings consistent with the opinion. Thus, when our judgment issued in the first appeal, the judgment of the trial court became our judgment as to those issues we affirmed. *See Cessna Aircraft Co.*, 345 S.W.3d at 145. The trial court was not required to make

any further orders as to those issues, and our judgment as to those issues became enforceable "as in other cases." *See id.* (quoting TEX. R. APP. P. 51.1(b)). Further, the trial court's judgment was nullified as to the sole issue on which we reversed the judgment, leaving the judgment as to that issue as if it had never been rendered. *See id.* (first citing *In re SSG*, 208 S.W.3d 1, 3 (Tex. App.—Amarillo 2006, pet. denied) (stating effect of reversal is to nullify judgment); and then citing *In re Jerry F.*, 294 S.W.3d 297, 298 (Tex. App.—Fort Worth 2009) (orig. proceeding) (stating once reversed, trial court's judgment is of no force and effect)). Therefore, on the issue of Jefferson's claim against Geico for unfair settlement practices, there was no longer a judgment in effect on remand; Jefferson and Geico occupied the same position on that issue as they occupied before the trial court's first judgment was rendered. *See id.* Because there was no longer a judgment on Jefferson's claim against Geico for unfair settlement practices, our mandate directed the trial court to conduct further proceedings on that issue. *See* TEX. R. APP. P. 44.1(b).

Contrary to Jefferson's assertion, the trial court had no authority to enter a judgment on remand addressing any issues other than Jefferson's claim against Geico for unfair settlement practices. *See Cessna Aircraft Co.*, 345 S.W.3d at 145. To do otherwise would have exceeded the scope of the mandate. *See id.* Accordingly, the only claim subject to remand was Jefferson's cause of action for unfair claim settlement practice against Geico. *See id.* (explaining mandate's effect on scope of

issues on remand). As a result, the only parties before the trial court on remand were Jefferson and Geico.

## II.        Appeal of 2017 orders and rulings

Jefferson's brief includes numerous pages discussing motions, hearings, and purported errors occurring in 2017 before the first appeal. Jefferson's first and second issues specifically address such rulings. First, Jefferson challenges the trial court's 2017 denial of her motion for continuance. This Court reviewed and affirmed that ruling in the first appeal. It was, therefore, not subject to this Court's mandate and is not properly before us in this appeal. We overrule Jefferson's first issue. Second, Jefferson complains of the appearance of attorney Dan McClain on behalf of Farmers Insurance and Cliff Porch at the May 2017 continuance hearing. The time to raise this challenge was in the first appeal. By failing to appeal that ruling in the first appeal, however, Jefferson waived any right to seek review of those rulings, which are now final and unappealable. *See*, *e.g.*, *Patriot Homes, Inc.*, 2007 WL 56708, at *1 ("Because Patriot Homes failed to challenge the trial court's refusal to award it attorney's fees in the initial appeal, the award of such fees was outside the scope of the remand."). We overrule her second issue.

Similar complaints are sprinkled throughout Jefferson's brief and are not tied to an enumerated issue. For example, Jefferson alleges Geico, Farmers, and Porch failed to include her name in filings before the first appeal, including the 2017 motions for summary judgment. Jefferson also contends she never received an

–9–

answer from Geico or the other defendants and was not served with Geico's 2017 motion for summary judgment. She further complains the trial court should have granted her July 21, 2017 "motion for non joinder petition" because she timely filed the motion and Geico did not respond. Putting aside the factual inaccuracy of many of these arguments, we do not address any such complaints because they relate to proceedings before the first appeal. Those rulings merged into the 2017 judgments and were subject to appeal at that time. *See Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) ("When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment."); *see also Gunnerman v. Basic Capital Mgmt., Inc.*, 106 S.W.3d 821, 824 (Tex. App.—Dallas 2003, pet. denied) (appeal from final judgment brings forward earlier orders that merged into final judgment). The time to appeal those rulings was in 2017. Such issues are not properly before us because they were not appealed in the first appeal and were, therefore, waived. Accordingly, we overrule Jefferson's challenges to any ruling or order issued by the trial court prior to the first appeal.

Similarly, the only party with active claims following the first appeal was Jefferson. All other parties to the original lawsuit, including the Wysinger parties, waived appellate rights by failing to become appellants in the first appeal. *See Richardson Indep. Sch. Dist. v. GE Capital Corp.*, 58 S.W.3d 290, 292 (Tex. App.— Dallas 2001, no pet.) ("Because GE failed to file a notice of appeal or show just

cause, it waived" issues asserted in its appellees brief seeking relief greater than granted by the trial court); *In re S.D., J.D., and G.D.*, No. 05-18-00809-CV, 2018 WL 6427646, at *6 (Tex. App.—Dallas Dec. 7, 2018, pet. denied) (mem. op.) (mother waived right to appeal by failing to file a timely notice of appeal); TEX. R. APP. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. . . The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause."); TEX. R. APP. P. 26.1 (deadlines to file notice of appeal following final judgment). By failing to appeal the 2017 judgments, the Wysinger parties waived any right to appeal those judgments or any of the trial court's orders or rulings made prior to the first appeal. Further, the Wysinger parties were not properly before the trial court as parties on remand. For these reasons, we are without jurisdiction to consider any issues purportedly brought by the Wysinger parties here.

Moreover, the "law of the case" doctrine "mandates that the ruling of an appellate court on a question of law raised on appeal will be regarded as the law of the case in all subsequent proceedings unless clearly erroneous." *Caplinger v. Allstate Ins. Co.*, 140 S.W.3d 927, 929 (Tex. App.—Dallas 2004, pet. denied) (citing *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003)). This Court's rulings in the first appeal on questions of law became final when the mandate issued and remain the law of the case. Those include the rulings affirmed in the first appeal (i.e., the 2017 summary judgment orders, the order denying Jefferson's motion for

–11–

continuance, and the trial court's refusal to set Jefferson's motion for summary judgment against Geico for hearing), and this Court's determination the Wysinger parties had not appealed the 2017 judgments and were not properly before the court as appellants in the first appeal. We, therefore, overrule Jefferson's challenges to those orders here.

### III.      Defective Judgment

Several places in her appellate brief Jefferson contends the 2019 judgment is "defective" because it does not dispose of all parties and claims. This is incorrect. Our mandate following the first appeal limited the parties on remand to Jefferson and Geico. The 2019 judgment is not defective because it included Jefferson and Geico in the caption and disposed of all claims and parties before it on remand.

Jefferson also asserts the judgment is defective because it "does not expressly mention" the "fraud upon the court" committed by Geico and other parties. For example, her brief states:

> Appellants contend that the trial court's final judgment is defective because it does not expressly mention the fact that a fraud upon the court hearing was granted where most of the parties failed to show[], no one gave a response and the trial court said it was going to leave it to the appeal court to hear the matter; However, the trial court's order states that "Plaintiffs take nothing" against GEICO."

Jefferson provides no record cites to support these allegations. The record includes no transcript of a hearing and no evidence of rulings or statements by the trial court granting or finding fraud upon the court or stating the court was declining to decide an issue properly before the trial court in favor of leaving the issue for the appellate

–12–

court to decide. During the October 11, 2019, hearing on Jefferson's motion to show authority and motion for continuance of the summary judgment hearing, Wysinger, on behalf of Jefferson, complained about this Court's rulings in the first appeal. The trial court advised Jefferson that she must take up any complaints about the first appeal with the appellate court because the trial court has "no control over" those rulings or her complaints about the rulings. The trial court properly refused to address complaints about this Court's prior rulings. Accordingly, to the extent Jefferson is referring to those statements, we conclude the trial court committed no error.

We reject Jefferson's contention the judgment is defective. We overrule all appellate issues asserting such arguments, including Jefferson's fourth and eleventh issues.

## IV. Review of summary judgment order (Jefferson's Issues 5, 6, 9, 11–16)[6]

In multiple issues, Jefferson challenges the trial court 2019 summary judgment orders. We overrule those issues and affirm the judgment.

### A. Standard of review

The legal sufficiency standard that governs directed verdicts also governs no-evidence summary judgment motions. *RTLC AG Prods., Inc. v. Treatment Equip. Co.*, 195 S.W.3d 824, 829 (Tex. App.—Dallas 2006, no pet.). To defeat a no-

---

[6] For each restated issue, we note the corresponding issue numbers from Jefferson's brief if we can discern such delineation from Jefferson's brief.

evidence motion for summary judgment, the non-movant must produce evidence regarding each challenged element of each challenged claim that "would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v Ridgeway*, 135 S.W.3d 598, 601 (Tex. 2004); *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch*, 118 S.W.3d at 751 (internal quotation omitted). In reviewing a no-evidence summary judgment, we consider evidence in the light most favorable to the non-movant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *De La Cruz*, 526 S.W.3d at 592.

With respect to a traditional motion for summary judgment, we require the movant to demonstrate the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). If the movant satisfies this burden, to avoid summary judgment the nonmovant then bears the burden of demonstrating a genuine issue of material fact. *Lujan*, 555 S.W.3d at 84. We credit all evidence favoring the nonmovant, indulging every reasonable

–14–

inference and resolving all doubts in its favor. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002).

When a party files a hybrid summary judgment motion on both no-evidence and traditional grounds, we generally review the trial court's judgment under the no-evidence standard of review first. *Rico v. L-3 Commc'ns Corp.*, 420 S.W.3d 431, 438–39 (Tex. App.—Dallas 2014, no pet.). Should we determine summary judgment was appropriate under the no-evidence standard, we need not address issues related to the traditional summary judgment motion. *Id.* at 439. Such is the case here.

## B.    No evidence motion for summary judgment

It is undisputed Jefferson was insured by Geico at the time of the collision at issue in this lawsuit. In the first appeal, this Court concluded Jefferson could pursue on remand a cause of action related to Geico's handling of her claim under her policy and noted the following:

> Given this contractual relationship, Jefferson had not only rights under her policy but also extracontractual rights related to the handling of her claims. Geico had a common-law duty to deal fairly and in good faith with its insureds. In addition, the Texas Insurance Code imposes procedural requirements governing how insurers review and resolve an insured's claim for policy benefits and grants insureds a cause of action against insurers that engage in certain discriminatory, unfair, deceptive, or bad faith practices. Although these common law and statutory bad faith claims are rooted in a contractual relationship, they sound in tort.

*Jefferson*, 2018 WL 6333246, at *4 (internal citations omitted).

The Texas Supreme Court has imposed a common-law duty on insurers to deal fairly and in good faith with their insureds. *USAA Texas Lloyds Co. v.*

*Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018). Chapter 541 of the Texas Insurance Code supplements the parties' contractual rights and obligations by imposing procedural requirements that govern the way insurers review and resolve an insured's claim for policy benefits. *Id.* The purpose of chapter 541 is "to regulate trade practices in the business of insurance by: (1) defining, or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices." TEX. INS. CODE § 541.001. Among the unfair or deceptive practices identified in and prohibited by chapter 541 are unfair claim settlement practices. *Id.* § 541.060(a)(1–9).

In her third amended petition, Jefferson alleged Geico engaged in unfair claim settlement practices by accepting twenty percent liability for the accident. Jefferson maintained the accident should have been deemed "a no-fault accident on the insured." According to Jefferson, Geico's decision to accept twenty percent responsibility caused Geico to raise her premiums "to an astronomical rate," forced her to "drop full coverage" on her home and automobile, and "severely hampered" Jefferson's efforts to settle her personal injury claims.

In its no evidence motion for summary judgment, Geico asserted it was entitled to judgment because Jefferson failed to plead a viable cause of action against Geico and there was no evidence (1) Geico engaged in an act or practice that violated section 541.060 of the insurance code, (2) Jefferson relied on any act of Geico to her

detriment, or (3) Geico's alleged conduct cause Jefferson actual damages. Jefferson did not state in her pleadings which specific provision of the insurance code she contended Geico violated. We construe her complaint regarding Geico's original liability finding as alleging a violation of sections 541.060(2) or 541.060(7) of the insurance code, which provide:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
>
> * * *
>
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
>
> > (A) a claim with respect to which the insurer's liability has become reasonably clear; or
> >
> > (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;
>
> * * *
>
> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

TEX. INS. CODE §§ 541.060(2), (7).

After reviewing the record, we conclude there is no evidence Geico violated either of these provisions. Geico did not deny coverage for the collision. Jefferson's complaint is that Geico originally accepted twenty percent liability against her rather than concluding she was not at fault. However, Jefferson's own summary judgment

evidence showed Geico changed its liability decision in June 2017, from an assignment of twenty percent liability on Jefferson to a determination of no fault by Jefferson. The record includes no evidence regarding Geico's attempts to effectuate a prompt, fair, and equitable settlement of the claim, let alone evidence of a failure by Geico to attempt in good faith to effectuate such a settlement. Similarly, there is no evidence Geico refused to pay the claim, either with or without conducting a reasonable investigation with respect to the claim. At most, the record shows an initial dispute between Jefferson and Geico regarding her level of liability for the collision. A dispute on liability, without more, does not constitute evidence the insurer violated the insurance code or otherwise engaged in unfair settlement practices. *See*, *e.g.*, *Provident Am. Ins. Co. v. Castañeda*, 988 S.W.2d 189, 194 (Tex. 1998) (the insurer is not subject to extra-contractual liability "unless there was also evidence that the information on which the insurance company relied in denying the claim was unreliable or not objectively prepared."); *Richardson E. Baptist Church v. Phila. Indem. Ins. Co.*, No. 05-14-01491-CV, 2016 WL 1242480, *8 (Tex. App.—Dallas, pet. denied) (mem. op.) ("The fact that the engineer and the adjuster reached differing conclusions and that their conclusions varied from the determinations of the Church's engineer and adjuster and the appraisal panel is not evidence that they did not conduct a reasonable investigation."). Indeed, "evidence showing only a bona fide coverage dispute does not demonstrate that there was no reasonable basis

for denying a claim ... [or] that liability under the policy had become reasonably clear." *Richardson E. Baptist Church*, 2016 WL 1242480, *8.

Jefferson presented no evidence that this was anything other than a bona fide coverage dispute. Jefferson presented no evidence Geico's original liability decision was based on unreliable information or information that was not objectively prepared. The record similarly includes no evidence Geico refused to pay the claim or reached its liability decision without conducting a reasonable investigation with respect to the claim. Instead, Jefferson relies on her own beliefs and conclusory allegations that Geico treated her unfairly and engaged in acts violating the insurance code. "Conclusory testimony or affidavits are not competent summary judgment evidence and are insufficient to create a question of fact to defeat summary judgment." *See Gunville v. Gonzales*, 508 S.W.3d 547, 560 (Tex. App.—El Paso 2016, no pet.); *see also KBMT Operating Co., LLC v. Toledo*, 492 S.W.3d 710, 715–16 (Tex. 2016) (citing *In re Lipsky*, 460 S.W.3d 579, 592 (Tex. 2015)). A statement is conclusory if it does not provide the underlying facts to support the conclusion. *See Montoya v. Nichirin–Flex, U.S.A., Inc.*, 417 S.W.3d 507, 513 (Tex. App.—El Paso 2013, no pet.) (citing *Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied); *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)). Further, "[s]tatements of subjective belief are no more than conclusions and are not competent summary judgment evidence." *See Gunville*, 508 S.W.3d at 560–61. Where there is no factual context for

conclusions, the party's statements do not constitute more than a scintilla of evidence. *MJS & Associates, L.L.C. v. Master*, 501 S.W.3d 751, 759 (Tex. App.—Tyler 2016, pet. denied) (citing *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688–89 (Tex. 2006) (per curiam)). Here, Jefferson's personal beliefs and disagreement with the initial liability decision are not competent summary judgment evidence and are insufficient to create a question of fact to defeat summary judgment.

Under this record, we conclude Jefferson failed to present any evidence showing Geico violated chapter 541 of the Texas Insurance Code or that any alleged violation caused her damages. Because we conclude summary judgment was appropriate under the no-evidence standard, we need not address issues related to the traditional summary judgment motion. *See Rico*, 420 S.W.3d at 439. Accordingly, we affirm the trial court's 2019 judgment and overrule Jefferson's challenges to the 2019 summary judgment order, including Jefferson's appellate issues five, six, nine, and eleven through sixteen.

## V. Authority of Geico's counsel (Jefferson's Issues 2 and 7)

Jefferson challenged the authority of Geico's attorney, Gregory Ave, to defend the suit on behalf of Geico. (CR 318) Ave was Geico's lead counsel during the first appeal and then appeared on behalf of Geico in the trial court on remand. Jefferson maintained Ave was prohibited from representing Geico on remand

because he was not hired by someone with authority to hire counsel for Geico. The trial court denied Jefferson's motion to show authority. She appeals that ruling.[7]

"We review a trial court's ruling on a motion to show authority for an abuse of discretion." *Tanner v. Black*, 464 S.W.3d 23, 26–27 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (first citing *In re Guardianship of Benavides*, 403 S.W.3d 370, 373–74 (Tex. App.—San Antonio 2013, pet. denied); and then citing *R.H. v. Smith*, 339 S.W.3d 756, 762 (Tex. App.—Dallas 2011, no pet.)); *see also Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 432 (Tex. 1986). When a party to a lawsuit believes the suit is being prosecuted or defended without authority, she may file a sworn motion questioning the attorney's authority to act. *Tanner*, 464 S.W.3d at 26 (citing TEX. R. CIV. P. 12). "Rule 12 has long been the exclusive method for questioning the authority of an attorney to bring a suit." *Phillips v. Phillips*, 244 S.W.3d 433, 435 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Angelina Cnty. v. McFarland*, 374 S.W.2d 417, 423 (Tex. 1964)). "Its primary purpose was to protect defendants by enabling them to determine who had authorized the suit." *Tanner*, 464 S.W.3d at 26. Upon the filing of a motion to show authority, the challenged attorney bears the burden to "show sufficient authority to prosecute or defend the suit on behalf of the other party." TEX. R. CIV. P. 12. If the challenged

---

[7] Jefferson also complained on remand that attorney Melanie Clark lacked authority to represent Geico because she purportedly engaged in "fraud upon the court" during the 2017 proceedings and was not hired as counsel by someone with authority to hire her as counsel for Geico. Jefferson has not appealed the denial of the motion to show authority as to Clark.

attorney fails to show sufficient authority to act, "the court shall . . . strike the pleadings if no person who is authorized to prosecute or defend appears." *Id.*

In response to the motion Geico presented the affidavit testimony of Kenneth Barfield, a Senior Continuing Unit Examiner for Geico. Barfield testified he is responsible for supervising, handling, and overseeing claims associated with policies of insurance issued by GEICO, including the Jefferson lawsuit. Barfield initially retained George Ave of Walters, Balido & Crain, LLP (WBC), to represent Geico as lead appellate counsel in the first appeal. He also, on behalf of Geico, instructed and authorized Mr. Ave and WBC to continue its representation as lead counsel in the Jefferson suit on remand. Barfield further confirmed Mr. Ave and WBC had been "fully authorized to take all actions they deem appropriate in defending Geico" on remand. We conclude Barfield's affidavit testimony established Mr. Ave had authority to defend the suit on behalf of Geico and was engaged by Geico employees with the authority to hire him. Under this record, the trial court did not abuse its discretion by denying Jefferson's motion to show authority. We overrule Jefferson's second and seventh issues and all challenges to the order denying the motion to show authority.

## VI.      Findings of fact and conclusions of law (Jefferson's Issue 10)

In her tenth issue, Jefferson contends the trial court erred by refusing to issue findings of fact and conclusions of law regarding the summary judgment order. Findings of fact and conclusions of law are improper in summary judgment. *IKB*

*Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997). If summary judgment is proper, then there are no facts to find, and the legal conclusions have already been stated in the motion and the response. *Id.* The trial court should not make, and the appellate court cannot consider, such findings and conclusions in connection with a summary judgment. *Id.* As discussed above, the trial court properly granted summary judgment. As such, the trial court followed these rules and properly refused to issue findings of fact and conclusions of law. We resolve this issue against Jefferson. *See Stangel v. Perkins*, 87 S.W.3d 706, 709 (Tex. App.—Dallas 2002, no pet.).

## VII.     Denial of recusal motion (Jefferson's Issues 3, 4, 6, 8, and 11)

Jefferson also maintains the trial judge abused his discretion by refusing to recuse himself. In her motion to recuse, Jefferson asserted Judge Greenberg showed bias requiring his recusal by purportedly doing the following:

- Alerting Farmers' counsel that no answer had been filed for the insured, Cliff Porch (Issue 3)

- Allowing Attorney George Ave to file an amended answer as to Jefferson.  (Issue 4)

- Not allowing Jefferson to set her motion for default judgment for hearing (Issue 6)

- Disregarding Jefferson's absence from being named in certain pleadings. (Issue 11)

On appeal, Jefferson further argues Judge Greenberg's "partiality was questioned" because she "seriously question[s] his ability to be impartial." Judge Greenberg

declined to recuse himself and referred the matter to Judge Ray Wheless, Presiding Judge of the First Administrative Region for further handling. Judge Wheless denied the motion to recuse.

We review an order denying a motion to recuse for abuse of discretion. TEX. R. CIV. P. 18a(j)(1)(A); *In re C.J.O.*, 325 S.W.3d 261, 267 (Tex. App.—Eastland 2010, pet. denied); *Sommers v. Concepcion*, 20 S.W.3d 27, 41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). The movant bears the burden of proving recusal is warranted, and must show "bias or partiality to such an extent as to deprive him of a fair trial." *In re C.J.O.*, 325 S.W.3d at 267. After reviewing the totality of the circumstances, we will reverse the denial of a motion to recuse only if it does not fall within the zone of reasonable disagreement. *Bettwieser v. Jeffery*, No. 05-18-01266-CV, 2020 WL 4435307, at *3 (Tex. App.—Dallas Aug. 3, 2020, no pet.) (mem. op.) (citing *In re C.J.O.*, 325 S.W.3d at 267).

Pursuant to Texas Rule of Civil Procedure 18a, a motion to recuse a judge "must not be based solely on the judge's rulings in the case" and "must assert one or more of the grounds listed in Rule 18b." TEX. R. CIV. P. 18a. Rule 18b provides in part that a judge must recuse in any proceeding in which (1) "the judge's impartiality might reasonably be questioned"; (2) "the judge has a personal bias or prejudice concerning the subject matter or a party"; (3) the judge knows that he has an "interest that could be substantially affected by the outcome of the proceeding"; or (4) the judge "is to the judge's knowledge likely to be a material witness in the proceeding."

TEX. R. CIV. P. 18b(b)(1), (2), (6), (7). Bias by an adjudicator is not lightly established. *In re City of Dallas*, 445 S.W.3d 456, 467 (Tex. App.—Dallas 2014, orig. proceeding). Judicial rulings alone almost never constitute a valid basis for a motion to recuse based on bias or partiality. *In re H.M.S.*, 349 S.W.3d at 253 (citing *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). Rather, a party's remedy for unfair rulings is to assign error regarding the adverse rulings. *In re City of Dallas*, 445 S.W.3d at 467; *Sommers,* 20 S.W.3d at 41. Judicial remarks, even those that are critical or disapproving of, or even hostile to, parties or their cases, do not ordinarily support a bias or partiality challenge. *Drake v. Walker*, 529 S.W.3d 516, 528 (Tex. App.—Dallas 2017, no pet.)

Considering the totality of the circumstances, we find no abuse of discretion here. Jefferson's allegations of bias are based solely on her displeasure with Judge Greenberg's rulings in favor of Geico. She presented no evidence to explain why she questioned Judge Greenberg's "ability to be impartial" or showing any acts of impartiality by Judge Greenberg. Moreover, the decisions Jefferson contends show impartiality by Judge Greenberg do not support a finding of bias requiring recusal. The allegation Judge Greenberg alerted Farmers' counsel that Porch had not filed an answer is based on acts before the 2017 appeal and relates to parties no longer before the trial court on remand. As for Jefferson's complaint Judge Greenberg allowed Geico's attorney to file an amended answer on remand, we found no abuse of discretion and affirmed Judge Greenberg's denial of Jefferson's motion to strike

Geico's amended answer. Jefferson's remaining allegations are not supported by the record. First, Judge Greenberg did not refuse to set Jefferson's motion for default judgment for hearing. On the contrary, he heard the motion on September 13, 2019, as part of the hearing on Jefferson's July 15, 2019, omnibus motions. Second, Jefferson was named in Geico's pleadings and motions filed on remand. Jefferson's contention Judge Greenberg disregarded her absence from being named in certain pleadings has no support in the record. Simply put, Jefferson provided no evidence Judge Greenberg's decisions were bias. At a minimum, Jefferson did not show a level of bias such that she was deprived of a fair trial. The refusal to recuse, therefore, fell within the zone of reasonable disagreement and should be affirmed. We overrule Jefferson's third, fourth, sixth, eighth, and eleventh issues.

## VIII.    Remaining issues

In her fifth issue, Jefferson complains the trial court erred by sustaining "Attorney Ave's Rule 90 and Rule 91 motions." We construe this issue as challenging the trial court's ruling on Geico's special exceptions. TEX. R. CIV. P. 90 ("Waiver of Defects in Pleading"); TEX. R. CIV. P. 91 ("Special Exceptions"). Although the trial court denied Jefferson's motion to strike Geico's special exceptions, the record includes no ruling on the special exceptions. Accordingly, there is no ruling to review, and we overrule Jefferson's fifth issue.

Jefferson also complains she was not given a jury trial and notes she "never consented to trial by trial court judge and not jury." As discussed above, we conclude

–26–

the trial court did not err in granting Geico's summary judgment and affirm the trial court judgment. We overrule Jefferson's contention she was entitled to a jury trial.

Finally, Jefferson argues she should have been given more time for discovery on remand. She did not, however, request additional time for discovery on remand and, therefore, did not preserve error on this complaint. We overrule this issue.

## CONCLUSION

For the foregoing reasons, we overrule Jefferson's appellate issues. Accordingly, we affirm the trial court's October 18, 2019, judgment and affirm the trial court's orders denying Jefferson's (1) motion to strike Geico's special exceptions and amended answer, motion for default judgment, and motion for reconsideration, (2) motion to recuse, (3) motion to show authority, and (4) the motions heard on October 25, 2019.


/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE


200067F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEMONDRIA JEFFERSON,
Appellant

No. 05-20-00067-CV      V.

GEICO COUNTY MUTUAL
INSURANCE CO., Appellee

On Appeal from the County Court at
Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-17-00628-
E.
Opinion delivered by Justice Partida-
Kipness. Justices Schenck and
Osborne participating.

In accordance with this Court's opinion of this date, the trial court's October 18, 2019 judgment and the trial court's orders denying appellant Demondria Jefferson's (1) motion to strike Geico's special exceptions and amended answer, motion for default judgment, and motion for reconsideration, (2) motion to recuse, (3) motion to show authority, and (4) the motions heard on October 25, 2019, are **AFFIRMED**.

It is **ORDERED** that appellee GEICO COUNTY MUTUAL INSURANCE CO. recover its costs of this appeal from appellant DEMONDRIA JEFFERSON.

Judgment entered this 31st day of August 2022.